MARGARET E. McMANUS *vs.* HARRY MUZYKA & another. January 28, 1953. Exceptions overruled. This is an action of tort to recover for personal injuries sustained by the plaintiff when she fell on an alleged unnatural accumulation of ice on the sidewalk adjoining the defendants' premises. The trial judge ordered a verdict for the defendants. No question of notice, ownership, or control is involved. The sole question is whether the evidence would warrant a finding that the ice on which the plaintiff fell resulted from a condition for which the defendants would be answerable. There was no error. The governing principles of law are so familiar that they need not be restated. They may be found in decisions such as *Field* v. *Gowdy*, 199 Mass. 568, 570–571, *Marston* v. *Phipps*, 209 Mass. 552, *Harrison* v. *Poli-New England Theatres, Inc.* 304 Mass. 123, and *Hooper* v. *Kennedy*, 320 Mass. 576, 578. Nor is a summary of the evidence required; it would be of interest only to the parties and would encumber our reports to no purpose. Suffice it to say that the evidence fails to show that the accumulation of ice here resulted from water discharged onto the sidewalk from an artificial channel on the defendants' premises. There was evidence, to be sure, that the defendants maintained a hedge on their premises, the plants of which were twelve inches apart; that around each plant was a mound of dirt; and that the accumulation of ice on which the plaintiff fell ran from the corner of the hedge across the sidewalk. And it also appeared that water from melting snow accumulated on the land in the rear of the hedge and flowed through the corner of the hedge onto the sidewalk. But a finding that the amount of water discharged onto the sidewalk was increased by reason of the manner in which the hedge was planted or maintained could rest only on conjecture. On the evidence, which includes photographs of the premises, a finding could just as well have been made that the flowage was attributable to the natural slope of the land. The present case is distinguishable from *Crafts* v. *McCobb*, 303 Mass. 172, relied on by the plaintiff. In that case there was evidence, lacking here, that the water flowed

onto the sidewalk through "a definite gap or channel" in the defendant's hedge bed.

*Richard A. Kaye*, for the plaintiff.

*Timothy H. Donohue*, for the defendants.