ANTOINETTE MIRASHEFSKI *vs.* WHITE CITY APARTMENTS, INC. November 15, 1961. Exceptions overruled. The defendant excepted to the denial of its motion for a directed verdict in an action brought by the plaintiff to recover for personal injuries sustained by her in a fall on an alleged unnatural accumulation of ice on a public sidewalk adjoining premises owned and controlled by the defendant. The evidence warranted a finding that the plaintiff was caused to fall by a patch of ice on the sidewalk and that the patch of ice was formed by the freezing of water which was discharged in a definite channel or "gully" on the sloping lawn of the defendant to an opening in the hedge whence it flowed over a curb or retaining wall to the sidewalk. On the liability aspect, the case is governed by *Crafts* v. *McCobb,* 303 Mass. 172, rather than *McManus* v. *Muzyka,* 329 Mass. 770. The defendant contends that there was no evidence of the receipt of the notice required by G. L. c. 84, § 21. From the record it is clear that during the opening statement of plaintiff's counsel the statutory notice was produced, upon request, by the defendant's counsel, read by the plaintiff's counsel to the jury, and the defendant's counsel acquiesced in his adversary's statement that it was agreed that the notice had been received. We are satisfied, as the judge and plaintiff's counsel obviously were, that receipt of notice was admitted. Hence no evidence was necessary on this point. The case in principle is governed by *Brocklesby* v. *Newton,* 294 Mass. 41, 43. See *Dalton* v. *Post Publishing Co.* 328 Mass. 595, 599. The motion for a directed verdict was rightly denied.

*Harry J. Williams,* for the defendant.

*Vincent J. Cosgrove,* for the plaintiff.