Barrett, J.
Defendant Appellant Renate Casey, the tenant (hereinafter Casey), appeals pursuant to Dist./Mun. Cts. R. A D. A., Rule 8C, from several decisions of the trial judge in a summary process action: (1) denying certain of her Requests for Rulings of Law, (2) failing to find that Plaintiff Appellee York Properties, the landlord (hereinafter York), acted in reprisal in pursuing her eviction, (3) failing to find that York breached its warranty of habitability, and (4) failing to allow Casey to reinstate her tenancy pursuant to G.L.c. 239, §8A.[1]
After a one day bench trial, the court issued detailed findings of fact which are summarized below Casey had been a tenant of York since October 1989, initially under a lease but then as a tenant-at-will paying rent of $920.00 per month.[2] Casey *204 did not pay rent for July, August, September and October 2001, leaving her with a balance due York of $3,680.00. Casey was served with a notice-to-quit for nonpayment of rent on or about August 17, 2001, and a summary process complaint on September 5, 2001. On September 4, 2001, York received a letter, ostensibly from Casey, complaining of several problems with her apartment.[3] The letter, while dated July 21,2001, was found not to have been received by the landlord until September 4. It claimed Casey was experiencing problems with dryer-vent odors, leaky windows, bathtub drainage, a torn linoleum floor, ant infestation, a noisy refrigerator, cracks in her walls, and a leaky toilet. Randolph’s Board of Health conducted an inspection of the premises on September 8, documenting several of Casey’s complaints. A further inspection was held on September 22, when the Board found that York had made all the requested repairs with the exception of some remaining cracks in the walls, some dirt falling from a bathroom ceiling fan, and some evidence of ant infestation.
On October 11, 2001, York proceeded with trial of its eviction action. Upon consideration of the credible evidence, the court found that Casey was in arrears before she complained of problems with her apartment and that once York received notice of her complaints it acted promptly to make substantial repairs. The court specifically found that Casey’s testimony she notified York of defects in her apartment throughout the course of her tenancy was not credible. The court awarded York judgment for possession and the sum of $3,680.00. After review of the record, this court finds no reason to disturb the trial judge’s findings of fact and conclusions of law.
Casey’s first appellate issue is claimed error in the denial of her Requests for Rulings of Law as follows:
1. The evidence does not warrant a finding for the plaintiff, and therefore a finding for defendant is required as a matter of law.
5. Upon all the evidence, the defendant is entitled to recover on her counterclaim for breach of warranty of habitability.
6. Upon all the evidence, the defendant is entitled to recover on her counterclaim for interference with quiet enjoyment.
7. Upon all the evidence, the defendant is entitled to recover on her counterclaim for reprisal.[4]
8. Upon all the evidence, the plaintiffs’ conduct constituted one or more unfair and deceptive acts or practices in violation of G.L.c. 93A §2.
The judge’s ruling with respect to each of these requests was: “Denied.”[5]
“Warranted” requests, such as Request No. 1, have long perplexed both counsel and judges because the word “warranted” is often presumed synonymous with “required” leaving the impression that such a request, if allowed, must then be followed by a finding in favor of the party making the request. A better word to substitute for warranted is the word “permit” because the allowance of a warranted request simply means there was enough evidence to justify a finding in that party’s favor if the court, after consideration of the facts, chooses to so find. Bresnick v. Heath, 292 Mass. 293, 298 (1935). A warranted request, if allowed, does not mandate a particular finding. But the denial of a *205 warranted request is interpreted to mean that “as a matter of law” such a finding was not possible. Bresnick, supra at 298. The denial of a warranted request signals the judge’s view that as the fact-finder there was nothing to consider. Rummel v. Peters, 314 Mass. 504, 517-518 (1943), quoting Bresnick. It is possible to erroneously deny or fail to allow a warranted request and still not have that error be the basis of a successful appeal, if in denying the request a judge makes it clear by her findings of fact that the erroneous ruling is immaterial and unaffected by her correct consideration of the evidence. Mass R. Civ. P., Rule 64A(c).
The first part of Request No. 1 is framed in the negative. The second portion of the request asks that defendant prevail, presumably on York’s claim, as a matter of law. Clearly this trial judge, while denying Request No. 1, fully considered the defendant’s evidence and did not find as a matter of law that the defendant could not prevail, but instead determined that defendant’s version of the facts was not credible. The denial of Request No. 1, even if improper, which this court deems it was not,[6] was immaterial to the judge’s ultimate decision. DiGesse v. Columbia Pontiac Co., 369 Mass. 99, 103-104 (1975). Her ruling, in conjunction with her detailed findings of fact, plainly demonstrates she did not misapply the law. Gustafson v. Metropolitan Transit Auth., 333 Mass. 769, 770 (1956).
Request Nos. 5-8 all claim Casey is “entitled to recover” on her counterclaim (s).[7] All four requests are formatted in a like fashion. Casey must, of course, sustain her burden of proof with respect to her counterclaims. With that burden, such a party is seldom the beneficiary of a ruling entitling her to recovery as a matter of law, especially when the evidence is based upon oral testimony. Casey v. Gallagher, 326 Mass. 746, 748 (1951).. The outcome of this case was in large part dependent upon the credibility of witnesses, especially the defendant with respect to her counterclaims. A review of the record reveals no evidence which “required” or bound the judge to find for the defendant. Therefore, the only issue on appeal is whether or not, upon any reasonable view, there are sufficient facts in the record, including reasonable inferences, to support this judge’s findings with respect to the denial of defendant’s counterclaims. Id. at 748-749.
Here, based in part upon a report from the board of health, the court found the existence of several defects, but also found that York made prompt and appropriate repairs once it received notice of those defects. Casey argues that having found the existence of the complained-of defects, the court was then required to find that York breached its warranty of habitability regardless of when York received notice and without consideration of how long York took to make appropriate repairs.[8] A breach of warranty of habitability is defined as “defects in facilities vital to the use of the premises for residential purposes.” Berman & Sons, Inc. v. Jefferson, 379 Mass. 196, 202 (1979), quoting Hemingway *206 at 199. Not every violation of the Sanitary Code results in a breach of warranty.[9] The existence of a material breach is a question of fact to be determined by the circumstances of each case. Boston Hous. Auth. v. Hemingway, 363 Mass. 184, 200-201 (1973). “Factors (not necessarily all inclusive) aiding the court’s determination of the materiality of an alleged breach of the implied warranty of habitability include: (a) the seriousness of the claimed defects and their effect on the dwelling’s habitability; (b) the length of time the defects persist; (c) whether the landlord or his agent received written or oral notice of the defects; (d) the possibility that the residence could be made habitable within a reasonable time; and (e) whether the defects resulted from abnormal conduct or use by the tenant.” Id. at 200-201. In her rulings the court specifically found Casey failed to prove a breach of the warranty of habitability. In light of the above-noted factors and the trial judge’s findings questioning Casey’s credibility, we will not substitute our judgment for that of the fact finder on this issue.[10] See Mass. R. Civ. R, Rule 52(a). Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. “A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been made.” United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); Commonwealth v. Boncore, 412 Mass. 1013, 1014 (1992) (rescript) (credibility is for the fact finder, not the appellate court.)
Even if there was a finding of material breach, Casey may at best have been entitled to an abatement of rent from the time the court determined York received notice (September 4) to the time of substantial repairs (September 20). See McKenna v. Begin, 5 Mass. App. Ct. 304, 308 (1977) (not every defect gives rise to a diminution in rental value entitling a tenant to damages.) A finding that Casey is entitled to an abatement is not analogous to finding that she properly withheld rent pursuant to G.L.c. 239, §8A and therefore able to reinstate her tenancy. Hemingway, supra, at 202-203. See also Berman, supra at 204, distinguishing rent abatement from rent withholding.
Casey argues that York’s eviction action was in retaliation for her signing a petition with other tenants in November 2000 complaining of conditions in several of York’s apartments. First, it should be noted that the trial judge, while accepting this petition into evidence, did not find it was ever sent to York and specifically commented on Casey’s inability to recall that fact. Even if York had *207 received it in November 2000, York’s eviction action is not presumed to be retaliatory if brought, as here, more than six months after the incident that allegedly gave rise to the retaliatory claim. G.L.c. 186, §18. Further, even if the eviction took place within six months, a finding of retaliation will normally not lie in the face of an eviction for nonpayment of rent. G.L.c. 186, §18. The trial court’s conclusion that Casey’s eviction did not result from York’s desire to retaliate is well supported by the facts and the law applicable to this issue.
Finally, Casey seeks to have this court rule that she should have been given the opportunity to reinstate her tenancy pursuant to G.L.c. 239, §8A. This statute grants a tenant the right to withhold rent for problems with her apartment if her landlord has notice of the defective conditions before she falls behind in her rent. If the ensuing eviction action then concludes with a judgment in favor of the landlord, a tenant may have a week to reinstate her tenancy by paying the judgment. We will not go into the. several requirements of the statute with which Casey may or may not have complied. Unfortunately for Casey, however, with respect to one such requirement, the court found York did not have notice of the complained of conditions until September 4, 2001, well after Casey fell behind in her rent and after she received a notice-to-quit. To overrule the trial judge on this issue would require us to make new findings of fact, something we, as an appellate court, are most reluctant to do. Spiegel v. Beacon Participations, Inc., 297 Mass. 398, 407 (1937) (“the judge who has heard the testimony and seen the witnesses face to face has a better opportunity for determining the credibility of their conflicting statements than can possibly arise from reading a record”); Springgate v. School Comm. of Mattapoisett, 11 Mass. App. Ct. 304, 310 (1981) (‘The credibility of witnesses, particularly, is a preserve of the trial judge upon which an appellate court treads with great reluctance”). Since Casey did not demonstrate York had prior knowledge of the apartment’s defects, she cannot avail herself of the statute’s remedial provisions. G.L.c. 239, §8A; Hemingway, supra at 202-203.
It does not appear that the trial judge abused her discretion in deciding this case. We find ample evidence in the record to support her conclusions and the resultant denial of all of defendant’s counterclaims.
We affirm the findings of the trial court and dismiss defendant’s appeal.
So ordered.

 This issue was presented by Casey’s Motion to Alter or Amend Judgment, which was denied by the court on February 1, 2002.

 Casey received notice of a rental increase to $970.00 effective August 1, 2001, but there is no evidence she accepted this increase.

 The subject letter referred to Casey and her apartment, but was unsigned.

 Casey referenced this request in her appeal but does not argue it in her brief.

 Initially the judge allowed Request No. 1, but then corrected herself by allowance of York’s motion to correct judgment.

 The court may properly deny such a request unless there is insufficient evidence as a matter of law to conclude that plaintiff may recover. Bresnick, supra at 298. The judge’s findings in favor of York are well supported by the testimonial and documentary evidence.

 Request No. 8 is worded slightly differently, but still seeks a ruling that defendant is, as a matter of law, entitled to recover under G.L.c. 93A.

 “A housing inspection report which certifies that Code violations exist which may endanger or materially impair the health or safety, and the well-being of any tenant therein or persons occupying said property would constitute evidence (emphasis added) of a material breach (of the warranty of habitability) and the landlord’s notice of that breach.” Hemingway, 363 Mass. at 200 n.15.

 “The State Sanitary Code’s minimum standards of fitness for human habitation and any relevant local health regulations provide the trial court with the threshold requirements that all housing must meet. Proof of any violation of these regulations would usually constitute compelling evidence that the apartment was not in habitable condition, regardless of whether the evidence was sufficient proof of a constructive eviction under our old case law. However, the protection afforded by the implied warranty of habitability does not necessarily coincide with the Code’s requirements. There may be instances where conditions not covered by the Code regulations render the apartment uninhabitable.... On the other hand, there may be instances of isolated Code violations which may not warrant a decision that the premises are uninhabitable. The trial court must have... broad discretion to determine whether there is a material breach given the special circumstances of each case....” Hemingway at 200-201 n.16.

 For much the same reason, Casey is not able to prevail on appeal of her counterclaim for breach of quiet enjoyment, since that too is a question of fact which was apparently resolved against her. Doe v New Bedford Hous. Auth., 417 Mass. 273, 285-287 (1994).