Welsh, J.
This is a summary process action[1] to recover possession and rent. The tenant counterclaimed for damages for the landlord’s alleged breach of the warranty of habitability, retaliatory eviction, and violation of G.L.c. 93A.[2]
After a bench trial, the judge found that the conditions adversely affecting habitability were known to the landlord as early as January 1, 2001; that the defects were significant enough to reduce the value of the premises for habitation to zero; and that the amount of rent the tenant paid during this period of serious and substantial breach of the implied warranty of habitability was $15,117.55. The judge further determined that file breach of warranty also constituted an actionable violation of G.L.c. 93A, and ordered that the rent paid by the tenant be doubled, resulting in an award to the tenant of $30,235.10. The court further found that the eviction action was in retaliation for the tenant’s demand for relief under G.L.c. 93A and awarded statutory damages of $25.00 in lieu of proof of actual damages.
The judge also concluded that the conditions which caused the breaches of warranty of habitability could not be remedied without removal of the tenant, and *138 found for the landlord on the issue of possession.
The landlord appealed, claiming that G.L.c. 93A did not apply in the circumstances of the case, and that the evidence was insufficient to support the court’s determination of a breach of the warranty of habitability and its award of damages under G.Lc. 93A.
The tenant filed a cross appeal, contending that having found both a violation of G.L.c. 93A and a retaliatory eviction under G.L.c. 186, §18, the court erred in not awarding statutory attorney’s fees.[3]
1. Neither party filed requests for rulings of law. In order to preserve for appellate review the issue of the sufficiency of evidence to warrant a particular finding, it is necessary that a proper request for a ruling of law be presented to the trial judge at the close of the evidence and before final argument. Mass. R. Civ. R, Rule 64A(b). This requirement is not merely a procedural nicety; it is rooted in the statute which created and empowers the appellate division. Bushnell v. Bushnell, 393 Mass. 462, 465 (1984) (Appellate Division required to consider questions of law reported to it, and the duty to consider questions of law necessarily attendant to those reported.). While the procedure for reporting cases no longer is in use, save for the use of voluntary reports, the method for the preservation for appellate review of issues of the sufficiency of evidence to warrant or require a particular finding of fact is essentially unchanged. Ducker v. Ducker, 1997 Mass. App. Div. 147, 148. Apart from requests for rulings, the issue of the sufficiency of evidence to warrant a finding for a plaintiff may be saved by a motion for involuntary dismissal under Mass. R. Civ. R, Rule 41(b) (2).
There is an important exception to the principle that requests for rulings are required for appellate review of questions as to the sufficiency of evidence to warrant findings. Where a district court trial judge elects to make voluntary written findings of fact in a non-jury case, a “narrow window of... opportunity” is created for the party failing to preserve the right to appellate review. Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 172, 174. The Appellate Division may consider the question whether the findings of fact are so devoid of support in the record that they are “clearly erroneous.” The appellant has the burden of proof and persuasion on this issue. Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 509 (1997). In undertaking this review, the Appellate Division does not “weigh” the evidence de novo, but instead affords the customary appellate deference to the judge’s findings. Lundgren v. Gray, 41 Mass. App. Ct. 451, 457 (1996). Unless the Appellate Division is convinced that the findings cannot be sustained on any reasonable view of the evidence, including any rational inferences capable of being drawn from the evidence, the findings cannot be pronounced “clearly erroneous.” Mark Moore Homes, supra, at 174.
However, not every written expression by a trial justice in an order disposing of a civil case qualifies as a statement of voluntary findings of fact for purposes of Mass. R. Civ. R, Rule 52 (c). An informal summary of reasons for the benefit of the parties is not the functional equivalent of a statement of findings of fact. Stigum v. Skloff, 433 Mass. 1011 (2001). The judge’s brief, cursory sketch of her ratio decid-endi in this case does not, in our view, constitute findings of fact. The preferred practice is explicitly to state whether or not findings within the purview of Rule 52(c) are intended. Id. at 1011. See Trucheon v. Diamond Chevrolet, Inc., 2003 Mass. App. Div. 83, 84. Failure to do so does not automatically convert an informal and cursory statement into a statement of findings adequate for review under Rule *139 52. We are not persuaded that the judge intended her brief statement of reasons to stand as a voluntary statement of findings of fact.
2. The plaintiff-landlord also claims that the judge erred in applying G.L.c. 93A in the case sub judice. Specifically, the plaintiff asserts that the landlord-tenant relationship in this case did not arise in a commercial context so as to permit the awarding of remedies available under the Consumer Protection Act. It cannot be gainsaid that Chapter 93A and the Attorney-General’s Regulations, 940 Code Mass. Regs. §3.00 et seq., apply to housing cases. York v. Sullivan, 369 Mass. 157 (1975). However, some transactions are deemed beyond the purview of c. 93A. In Lantner v. Carson, 374 Mass. 606 (1978), a private sale of a single-family home was deemed not in the course of trade or commerce for purposes of c. 93A. In Neihaus v. Maxwell, 54 Mass App. Ct. 558 (2002), an isolated rental of a home while the lessor temporarily resided overseas was held beyond the sway of the Consumer Protection Act. In Billings v. Wilson, 397 Mass. 614 (1986), an owner-occupied two-family dwelling was considered beyond the scope of G.L.c. 93A. Accord: Sayah v. Hatzipetro, 397 Mass. 1004 (1986). In Young v. Patukonis, 24 Mass. App. Ct. 907 (1987), the Court reiterated that an owner-occupant landlord of a three-family dwelling whose primary objective was personal was not subject to G.L.c. 93A. In contrast, in Linthicum v. Archambault, 379 Mass. 381 (1979), an owner who did not occupy the duplex in question was deemed engaged in trade or commerce for purposes of G.L.c. 93A. Id. at 386-387.
In the case at bar, the owner never occupied the premises. She was an absentee landlord living in California. She engaged a personal representative to oversee the property locally. She established a bank account for the tenant to deposit his monthly rent check. The fact that the parties were related (they are cousins) doesn’t preclude a finding that the parties were in commerce. The fact that renting property is not the plaintiff’s usual occupation is not decisive. Begelfer v. Najarian, 381 Mass. 177, 191 (1980). The determination as to whether a transaction occurs in a business context is a fact-based analysis keyed to the circumstances of each case. Assuming, arguendo, that the “clearly erroneous” standard applies, [a contention we reject], the landlord has not sustained her burden of proof that no conscientious judge, acting with full knowledge of the facts, could rightly have concluded that this transaction was not in commerce. This tenancy has been ongoing since 1991. The fact that the premises were being rented at a marginal price due to familial relationship neither excused nor mitigated the duty to maintain the premises in a habitable condition. When confronted with a barrage of well-founded complaints, the landlord’s response essentially was that the tenant needed to move out. The receipt of a c. 93A demand letter triggered a notice to quit presaging this summary process action. The landlord’s remedial response was untimely and inadequate. The c. 93A demand letter was, in our view, a “protected activity” for purposes of G.L.c. 186, §18. G.L.c. 239, §2A; see Jablonski v. Clemons, 60 Mass. App. Ct. 473, 476-478 (2004). There was no clear and convincing evidence rebutting the presumption of retaliatory eviction.
The landlord would have had the court believe that she was a “reluctant landlord.” The plaintiff’s father had entered into the landlord-tenant relationship with the defendant’s father in the mid 1990’s. Upon the death of the plaintiff’s father, the “arrangement” continued in effect until the plaintiff’s mother died. The plaintiff, in effect, inherited the property and continued the letting on the same terms. To facilitate rent collection she established a bank account into which the defendant was to deposit the monthly rent. Her claims that she could not afford the necessary remedial measures are not a defense. See Boston Housing Authority v. Hemingway, 363 Mass. 184 (1973). The fact that the role of landlord was thrust upon her by the demise of her parents does not in any diminish her responsibility to keep the premises in habitable condition.
*140 3. The defendant/plaintiff-in-counterclaim contends that he was entitled to an award of attorney’s fees in view of the court’s finding of a violation of G.L.c. 93A and of retaliatory eviction. G.L.c. 186, §18. We agree. A finding of a violation under either statute entitles the prevailing party to an award of counsel fees.[4]
The case is returned to the trial court for determination of attorney’s fees to be awarded to the defendant-tenant. The judgment is in all other respects affirmed.
So ordered.

 G.L.c. 239, §1 et seq.

 The trial court found for the landlord on the tenant’s additional counterclaim for intentional infliction of emotional distress. The tenant did not appeal that determination.

 The cross appeal also contests the calculation of damages. However, the record does not disclose any attempt by the tenant to bring this contention to the attention of the trial judge by motion to correct the findings pursuant to either Rule 52(d) or Rule 59(e) of the Mass. R. Civ. P.

 The record does not reflect that counsel brought this oversight to the attention of the trial judge by way of a motion to correct findings or a motion to amend judgment. Rules 52(d) and 59(e). The preferred practice is to move in the trial court initially for such relief, obviating the need to present the question for the first time on appeal.