Merrick, J.
Plaintiff Paul J. Ronan (“Ronan”), a homeowner in Edgartown on Martha’s Vineyard, executed a written contract in the summer of 2002 with defendant Donaroma’s Nursery and Landscape Services, Inc. (“Donaroma”) for the latter to perform specified services at Ronan’s home for $38,424.00. Included in that cost was a charge of $4,000.00 for supplying and planting a European Beech tree. The parties agree that, to satisfy a requirement of the Town of Edgartown, they orally modified the contract to substitute for the Beech tree an 8’ Zelkova tree at an additional cost. The tree was planted in November, 2002.
By March, 2003, only $2,245.45 remained unpaid by Ronan on his Donaroma bill. In May, 2003, Ronan complained to Donaroma’s that the Zelkova tree was doing poorly. Ronan and Michael Donaroma both examined the tree in June. The tree was alive, but the top' two-thirds of it were dead. The tree remained alive, albeit damaged, through the time of the trial of this action. The plaintiff’s expert attributed the tree’s condition to disease. Donaroma, on the other hand, testified that the tree was suffering from exposure to the winter weather. The trial judge took a view of the tree.
Ronan brought this action against Donaroma’s to recover the cost of the tree. Donaroma’s counterclaimed for the unpaid contract balance of $2,245.45. After a bench trial, the judge found in favor of Donaroma’s on both the complaint and the counterclaim. Ronan appealed.
1. Ronan filed “Proposed Rulings for [sic] law” which were actually requests for findings of fact rather than requests for legal rulings. In the absence of proper requests for rulings of law in compliance with Mass. R. Civ. R, Rule 64A, appellate review of the question of the sufficiency of the evidence, or of the necessity of a finding, would not ordinarily have been available to Ronan. Camerata v. Coll, Sacchetti & Karpells, Inc., 2005 Mass. App. Div. 112, 113; Celebrity Builders, Inc. v. Fernandes, 2005 Mass. App. Div. 166, 167.
The trial judge, however, wrote findings of fact explaining the reasoning underlying his judgment.[1]
Where a district court trial judge elects to make voluntary written findings of fact in a non-jury case, a ‘narrow window of... opportunity’ is created for the party failing to preserve the right to appellate review. (Citation omitted). The Appellate Division may consider the question *7 whether the findings of fact are so devoid of support in the record that they are ‘clearly erroneous.’
Cardoza v. Cardoza, 2006 Mass. App. Div. 137, 138, quoting Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 172, 174. “A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been made.” Jablonski v. Casey, 2003 Mass. App. Div. 203, 206, aff'd 64 Mass. App. Ct. 744 (2005). “Unless the Appellate Division is convinced that the findings cannot be sustained on any reasonable view of the evidence, including any rational inferences capable of being drawn from the evidence, the findings cannot be pronounced ‘clearly erroneous.’” Cardoza v. Cardoza, supra, at 138.
2. The grounds of appeal stated in Ronan’s appellate brief are, essentially, that the judge erroneously failed to find a breach of implied warranties of merchantability or fitness for a particular purpose, or a breach of an express warranty or guaranty.
Ronan’s recovery under the two implied warranty theories depends upon the condition of the tree at the time it was delivered. See Fernandes v. Union Bookbinding Co., 400 Mass. 27, 37 (1987). The burden of proving that the tree was defective when sold was on Ronan, the plaintiff. Rarely can it be said that a finding against the party with the burden of proof was clearly erroneous. Washington 138 LLC v. Reivax Properties, LLC, 2001 Mass. App. Div. 202, 203, citing Lalonde v. Lalonde, 30 Mass. App. Ct. 117 (1991).
As to the express warranty, the written contract between the parties included the following:
Trees and Shrubs purchased from us which do not live one (1) year and were paid in full when payment was due are replaced ... (irrelevant conditions omitted). '
Ronan interprets this language as guaranteeing replacement if the tree is damaged, even if it is still alive. By its express terms, the contract does not so provide. Even putting aside the effect of the payment language, Donaroma’s is not obligated to replace the tree in question because it is still living.
Judgment affirmed.
So ordered.

 It is not at all clear that these were intended to be formal findings of fact under Mass. R. Civ. P., Rule 52(a). See Stigum v. Skloff, 433 Mass. 1011 (2001). Our decision does not hinge on a resolution of that issue.