Welsh, J.
The plaintiff, Joseph Nisby (“landlord”), brought this civil action for an alleged breach of contract by the defendant, Michael Sheskey (“tenant”), in failing to pay rent for commercial premises in Hanover. The tenant filed three counterclaims for the landlord’s alleged breach of a lease provision for assignment and subletting; unfair or deceptive acts or practices in refusing both to allow assignment or sublease of the premises, and to inform the tenant about inquiries received from potential substitute tenants; and conversion of a fence installed by the tenant.
Following a jury-waived trial, the judge found that the landlord’s outright refusal to honor the lease provision allowing subletting and his interference with the tenant’s attempts to secure a ready, willing and able subtenant constituted material breaches of the lease. The judge concluded that the landlord’s conduct not only excused the tenant from any further contractual duty to perform, but also constituted actionable violations of G.L.c. 93A entitling the tenant to attorney’s fees and costs. The judge also found that the landlord wrongfully converted the tenant’s fence, and assessed damages of $2,900.00. Judgment was entered dismissing the landlord’s complaint, and awarding the tenant $5,700.00 in damages, plus interest, costs and $6,500.00 in attorney’s fees on his counterclaims.
The judge made written findings of fact. Mass. R. Civ. P., Rule 52(c). Such findings are not to be disregarded on appeal unless clearly erroneous, and due regard shall be given to the opportunity of the trial judge to decide the credibility of the witnesses. Celebrity Builders, Inc. v. Fernandes, 2005 Mass. App. Div. 166, 167. A finding is “clearly erroneous” when “although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 792 (1986), quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). This standard applies both to findings of subsidiary facts and to ultimate findings. Starr v. Fordham, 420 Mass. 178, 182 (1995). The issue is not whether the judges reviewing the case on appeal concur,[1] but whether, on the entire evidence, there remains a definite and firm conviction that a mistake has been committed. Id. at 186. The burden is on the appellant to demonstrate such error. First Pa. Mortgage Trust v. Dorchester Sav. Bank, 395 Mass. 614, 622 (1985). We conclude that the landlord-appellant has failed to meet this burden.
The record indicates that in March, 2003, the tenant leased approximately 2,400 *104 square feet in a commercial building owned by the landlord for use as a retail hardware store. The lease was for a term of five years, at a monthly rent of $2,800.00. The venue soon proved infelicitous from the tenant’s point of view, and he vacated the premises and moved his retail hardware operation to another location in July, 2004.[2] It is in this context that the issue of subletting arose.
The record suggests, and the trial judge so found, that the landlord was no neophyte and was well-inured to the sometimes “rough and tumble world of commerce.” Levings v. Forbes & Wallace, Inc., 8 Mass. App. Ct. 498, 504 (1979). He had been negotiating commercial leases for 45 to 50 years, had owned the commercial premises in question for at least 35 years, and had rented approximately 25 units in the past nine years. When the parties concluded their negotiations in 2003, the landlord presented a draft of a proposed written lease to the tenant. The draft contained a clause that would have effectively prohibited subleasing.[3] The tenant objected and, at his insistence, that clause was stricken from the draft lease. A handwritten clause was inserted and initialed by both parties. The substituted clause provided that the tenant had the right to assign the lease or to sublet the whole or any part of the demised premises, subject to the landlord’s prior consent, which the landlord agreed not to delay or unreasonably withhold.[4] Clearly, the judge properly concluded that the right of assignment or subletting was of crucial importance to the tenant and was a significant inducement to enter into the lease. A material breach occurs when there is a breach of “an essential and inducing feature of the contract.” Bucholz v. Green Bros., 272 Mass. 49, 52 (1930). Given the undisputed evidence that the modification of the clause relative to assignment and subletting was added at the insistence of the tenant in his own handwriting, and was initialed by both parties, the judge was clearly warranted in determining that the clause was essential.
A refusal to sublet to a qualified tenant, or to permit assignment without reason, “was a substantial breach going to the root of the contract. ...” Aerostatic Eng’g Corp. v. Szczawinski, 1 Mass. App. Ct. 141, 145 (1973). It is well established that a material breach by one party excuses the other party from further performance under the contract. Quintin Vespa Co. v. Construction Serv. Co., 343 Mass. 696, 701-702 (1962). Once relieved from performance, the injured party is not liable for further damages incurred by the party in material breach. Ward v. American Mut. Liab. Ins. Co., 15 Mass. App. Ct. 98, 101 (1983); Adams, Harkness & Hill, Inc. v. Northeast Realty Corp., 361 Mass. 552, 557 (1972). Thus, there was no error in the trial court’s ultimate finding in favor of the tenant on the landlord’s complaint.
The landlord testified at trial that “no one subleases anything from my property by their own leases.” The landlord’s bookkeeper testified that in her nine years of employment with the landlord, he never permitted any of his tenants to sublet their premises. When the prospects for the venture to become profitable dimmed, *105 the tenant attempted to negotiate a “buy out” with the landlord. When that effort came to naught, the tenant focused on the option of subleasing. The tenant began running advertisements in a local newspaper in May. In June, the landlord received an inquiry from a day care center interested in renting the premises the tenant occupied beginning in October, 2004. The judge permissibly found that this and other inquiries about renting the property were either rejected outright, or not referred to the tenant. Nor was the tenant even informed that such inquiries had been made. In August, 2004, the landlord made a statement to the tenant that he would not allow him to sublet to anyone. From this course of dealings, the judge quite properly inferred that the landlord had no intention of complying with the lease provision for assignment and subletting.
There is an implied covenant of good faith and fair dealing in every contract. Anthony’s Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 473 (1991). This duty translates into an implicit term or condition of the contract that neither party will do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. Id. at 471-472. Refusing to refer prospects to the tenant in effect abnegated his right to make an informed judgment and to present an offer of a proposed sub-tenant for the approval of the landlord. Such right belonged to the tenant by virtue of the lease provision governing assignment and subletting. While it is true that the landlord had the right to refuse permission, the language in the contract required that such permission could not be unreasonably withheld.[5] Moreover, the trial judge could have properly inferred that the landlord had no intention of honoring the lease provision and would permit a new tenant only on terms satisfactory to him. The tenant testified that the landlord told him that nobody was going to make money on his property. The landlord’s actions smacked of the extortionate savor inveighed against in Anthony’s Pier Four, Inc., supra at 474-476. Thus, the court’s finding in favor of the tenant on his counterclaim for the landlord’s violation of G.L.c. 93A, §11 was warranted.
Finally, the court’s finding of a conversion of the fence installed by the tenant does not merit extended discussion. The element of wrongful exercise of dominion over the fence without the express or implied assent of the tenant whose property it was is relatively straightforward. See Bleiken v. Stark, 61 Mass. App. Ct. 619, 622 n.2 (2004). The fact that the landlord’s testimony on this issue conflicted with the tenant’s merely presented a matter of witness credibility, which is entrusted to the trier of fact.
The judgment is affirmed. The tenant shall submit to this Appellate Division the necessary affidavit and supporting materials for the assessment of appellate attorney’s fees on his G.L.c. 93A claim in ten days. See Yorke Mgmt. v. Castro, 406 Mass. 17, 20 (1989). The landlord may submit countervailing materials one week after service of the tenant’s fee request.
So ordered.

 As we recently observed in Day v. Hyman, 2007 Mass. App. Div. 59 (May 9, 2007), the fact that the Appellate Division might have reached a different factual conclusion on tile evidence does not render the trial judge’s decision “clearly erroneous.”

 The tenant attributes some of his dissatisfaction with the premises to the inadequacy of the size of the business sign permitted by the Town of Hanover. It is sufficient to note that the landlord did nothing to restrict the tenant’s request for permission for a larger sign, and did not represent to the tenant that the town would permit a sign of the type and size the tenant desired. The tenants attribution of knowledge on the part of the landlord of what action the town might take on the tenant’s application for a larger sign was not credited by the judge. Nor is the issue dispositive of this appeal.

 The clause in the original draft lease gave the landlord unfettered discretion in assigning and subletting the premises.

 The operative language was: “Subletting & Assignment: The Lessee shall have the right to assign this lease, or to sublet the whole or any part of the leased premises, subject to lessor’s prior consent, which lessor may not unreasonably withhold.”

 The words, “which approval shall not be unreasonably withheld” imposed an objective standard of reasonableness. Nassif v. Boston & Me. R.R., 340 Mass. 557, 565 (1966). Whether a lessor acts reasonably in withholding consent is a question for the trier of fact. Worcester-Tatnuck Square CVS, Inc. v. Kaplan, 33 Mass. App. Ct. 499, 503 (1992).