Rutberg, J.
Andrzej Grzyb is a self-employed home improvement contractor, who planned to build a home for his family on land he owned in Holyoke. Although he is not licensed pursuant to G.L.c. 142A, he decided to act as his own general contractor for this personal project. Mr. Grzyb wished to retain Peter Windoloski to do the excavation and install the concrete for the planned house, garage and driveway. Mr. Windoloski, the principal of Owens General Contracting, Inc., prepared a written contract for the concrete work for the house and garage, and presented it to Mr. Grzyb for signature. The contract price took into account that Mr. Grzyb would do some of the work himself, presumably to reduce his costs. Mr. Grzyb agreed to the terms of the proposed agreement, but he neither signed it, nor made the $11,500.00 deposit it required.
Notwithstanding the lack of a signed contract, Mr. Windoloski began the work, and subcontracted the formation and placement of the concrete for the foundation of the house to Michael Hebert. When Mr. Windoloski did not receive a requested progress payment, he left the job, and Mr. Grzyb hired Mr. Hebert directly to complete the contract work, as well as additional work not covered by the original contract. Eventually, both Mr. Windoloski and Mr. Hebert brought separate collection suits against Mr. Grzyb in different district courts; those suits were consolidated for trial, and judgments were entered against Mr. Grzyb in both actions following a jury-waived trial. Mr. Grzyb has appealed both judgments pursuant to the provisions of Rule 8C of the Dist./ Mun. Cts. R. A. D .A.
Mr. Grzyb has raised three issues in his brief; therefore, our consideration is limited to those issues. Dist./Mun. Cts. R. A. D. A., Rule 16(a) (4). Rule 64A of the Mass. R. Civ. P. limits any party’s appellate rights to questions of law raised by written requests for rulings filed at the close of the evidence at trial. Appellate review in district court non-jury civil proceedings is limited to errors of law “properly raised in the trial court and preserved for appeal by the filing of requests for rulings.” Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 171, 172. Additionally, Rule 64A provides that “[ejach request shall concisely present a single issue of law....” The trial judge is not obligated to rule on any request that fails to conform to Rule 64A. Mr. Grzyb filed a set of requests, upon which the trial judge acted; however, Mr. Grzyb’s brief does not argue that any one or more of those rulings were erroneous. On procedural grounds alone, therefore, we must affirm the trial judge’s findings.
If we were to overlook the procedural shortcomings of Mr. Grzyb’s appeal, our result would be the same. The issues that he presents in his brief question the sufficiency of the evidence. The first issue raised asks if the evidence “support(s) a *135 finding” that either, or both, of the plaintiffs failed to perform under their respective contracts. As part of a requested ruling of law, Mr. Grzyb asked the trial court to find that both plaintiffs breached their contract with him. While the trial judge did not have to rule on this request, as it is factual and not legal in nature, he made the effort to convert it to a legal request by deeming it as one which required the sought for finding as a matter of law, which he properly denied. As there was substantial evidence offered by the plaintiffs that they fully performed their contractual obligations, which the trial judge could have credited, his finding that the evidence did not require a finding for the defendant was accurate and will not be disturbed. The evidence of performance by the plaintiffs includes the uncontroverted testimony that the foundation had to have passed inspection by the local building inspector before construction on the home could begin, and proof that the home was constructed as planned.
The second issue presented in Mr. Grzyb’s brief asks if the evidence “support(s) a finding” that either, or both, of the plaintiffs were negligent in performing or attempting to perform the contract. Again, the trial judge made a finding where none was required that the evidence did not require a finding that either, or both, of the plaintiffs were negligent. Not only is this requested finding factual in nature, but it is also clearly supported by the record.
“Ordinarily the question of negligence is one of fact for the jury.” Zezuski v. Jenny Mfg. Co., 363 Mass. 324, 327 (1973). Therefore, a determination of negligence rests with the fact finder and will not be disturbed unless it is clearly erroneous. See Anthony’s Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 476 (1991). The only evidence of either plaintiff’s negligence was offered by Richard Beaudry, Mr. Grzyb’s expert, whose qualification was limited to the area of home inspection from which the area of home construction was specifically excluded. While the trial judge admitted Mr. Beaudry’s testimony that the foundation was “substandard” over objection, he also noted that the limitation of Mr. Beaudry’s expertise would operate to affect the weight of this testimony. The opinion evidence offered by the defendant was refuted by plaintiffs’ expert, and the trial judge was free to accept or ignore the opinions of either expert, in whole or in part, at his discretion. Baker v. Commercial Union Ins. Co., 382 Mass. 347, 351 (1981). The evidence described, indicating that the foundation had to have passed inspection by the local building inspector, bolsters the propriety of the trial court’s determination. Therefore, the trial judge made no error in finding that the evidence did not require a finding for Mr. Grzyb on the claim sounding in negligence.
The final issue which Mr. Grzyb briefed asked whether the evidence supported a finding that Mr. Grzyb was justified in withholding a portion of the amounts invoiced to him by each of the plaintiffs. There was no -written request for a ruling on this issue, and the issue itself was not relevant to the determination of the plaintiffs’ claims in light of the judge’s finding that neither plaintiff breached his contract with Mr. Grzyb. There was nothing for the trial judge to rule on regarding this issue, so there can be no error.
The judgment of the trial court is affirmed.
So ordered.