Williams, P.J.
After a jury-waived trial, the judge found that the defendant, StratEdge Corporation, Inc. (“StratEdge”), had breached its commercial lease with its landlord, Darin, LLC (“Darin”). StratEdge argues on this appeal that the trial court erroneously concluded that Darin’s refusal to consent to StratEdge’s proposed sublease was reasonable, and that StratEdge could not, therefore, legitimately declare the lease to be terminated. We find no error, and affirm the trial court’s judgment.
In 2004, Darin consented to StratEdge’s subletting part of the commercial premises. In 2005, pursuant to paragraph 14 of the lease,[2] StratEdge sought Darin’s permission to sublet the remaining portion of the premises to Big Blue Marble Sports, Inc. (“Big Blue”). Darin expressed concern about Big Blue’s ability to pay the rent. Although StratEdge would have remained obligated for rent under the lease, Darin refused to approve the sublease. StratEdge assured Darin it would collect Big Blue’s rent and, in any event, pay the full lease rent directly to Darin, but Darin remained unmoved. Indeed, Darin raised a new concern that Big Blue might hold over when the lease expired, thus forcing Darin to launch burdensome eviction proceedings. StratEdge, undaunted, offered to guarantee that Big Blue would not hold over and *92 that, even if it did, StratEdge would pay any costs Darin incurred as a result. Darin, apparently finally mollified, agreed to these conditions. But then Darin balked again, claiming its mortgage lender insisted on approving the contents of the written guaranty. Its patience exhausted, StratEdge declared the lease terminated. Darin considered StratEdge’s action to constitute a breach, and demanded the full rent due. StratEdge refused to pay, and Darin filed this summary process action. Judgment was entered in favor of Darin for both rent and possession, and this appeal by StratEdge followed.
The scope of StratEdge’s appellate rights following the bench trial of this action in 2007 was limited by former Mass. R. Civ. R, Rule 64A, to issues of law properly raised by written requests for rulings. Owens Gen. Contr., Inc. v. Grzyb, 2007 Mass. App. Div. 134. Rule 64A[3] required that “ [e] ach request shall concisely present a single issue of law.” StratEdge’s requests were mostly of the improper mixed-law-and-fact variety, Armstrong v. Lawson, 2006 Mass. App. Div. 34, and none of them challenged the sufficiency of the evidence. Cardoza v. Cardoza, 2006 Mass. App. Div. 137, 138. “ [R] equests for rulings testing the sufficiency of evidence are generally essential for appellate review.” Waterwheel Realty, Inc. v. Mangiacotti, quoting Washington 138 LLC v. Reivax Props., LLC, 2001 Mass. App. Div. 202, 203. StratEdge does not suggest that any of the trial court’s rulings on its requests for rulings of law, five of which were denied, were erroneous. “On procedural grounds alone, therefore, we must affirm the trial judge’s findings.” Owens Gen. Contr., supra at 134.
Even if we were to ignore that procedural issue, our decision would be the same. Paragraph 14 of the lease, providing that Darin’s consent to a proposed sublease could “not... be unreasonably withheld,” imposed on Darin an objective standard of reasonableness. Nisby v. Sheskey, 2007 Mass. App. Div. 103, 105 n.5, citing Nassif v. Boston & Me. R.R., 340 Mass. 557, 565 (1960). Whether a lessor such as Darin acted reasonably in withholding consent to a sublease is a question of fact. Id., citing Worcester-Tatnuck Sq. CVS, Inc. v. Kaplan, 33 Mass. App. Ct. 499, 503 (1992). See also Chapman v. Katz, 448 Mass. 519, 531 (2007). Although the trial judge in this case was not obligated, under former Mass. R. Civ. R, Rule 64A, practice, to address StratEdge’s 38 requests for findings of fact, see 31-35, LLC v. Zucco, 2008 Mass. App. Div. 14, 16 n.4, he elected to do so, thereby creating findings of fact. Such findings are not to be disregarded on appeal unless they are clearly erroneous, and we pay due regard to the judge’s opportunity to assess the credibility of witnesses. Nisby, supra at 103. A finding of fact may be branded “clearly erroneous” only when “although there is evidence to support [the finding], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” Id., quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). This standard applies both to findings of subsidiary facts and to ultimate findings. Id. The issue is not whether the Appellate Division might have reached a different factual conclusion on the evidence than the trial judge. Id. at 103 n.l.
The upshot of the trial judge’s findings was that Darin did not unreasonably withhold consent to the Big Blue sublease, and that Big Blue was not a subtenant ready, willing and able to perform StratEdge’s obligations under the lease. See WHTR Real Estate Ltd. P’ship v. Venture Distrib., Inc., 63 Mass. App. Ct. 229, 232-233 (2005). Specifically, there was evidence, which the trial judge was free to credit, that Big *93 Blue had provided inadequate financial information, had no operating capital in the bank, and even lacked a business plan. Additional evidence suggested that Darin’s concern about StratEdge’s own rental payment history was justified. Because there was evidence to support the judge’s finding in favor of Darin, the finding was not clearly erroneous. Yetman v. Cavanagh, 2007 Mass. App. Div. 162, 164 n.4, citing Mark Bombara Interior Design v. Bowler, 446 Mass. 413, 418 n.2 (2006). And we are not firmly convinced that a mistake was committed. Nisby, supra at 103.
Finally, Darin urges us to find StratEdge’s appeal frivolous and to award Darin double appellate costs and fees. We decline to do so.
Judgment in favor of the plaintiff, Darin, LLC, is affirmed. Appeal dismissed.
So ordered.

 Paragraph 14 of the original 1994 lease states, in pertinent part: “ASSIGNMENT AND SUBLETTING. Lessee shall not... sublease... the Leased Premises or any portion thereof without the written consent of Lessor; said consent not to be unreasonably withheld provided that the Lessor is satisfied as to the financial stability and ability of that proposed Sub-Lessee to perform all the duties and obligations of the Lessee hereunder. Notwithstanding any subletting. or consent thereto, Lessee shall remain liable for any and all payments which are due under this Lease and for the performance of all other covenants and agreements to be performed hereunder; however, the Lessee herein shall be relieved of said liability in the event that the Lessor is satisfied with the financial stability and ability of said Sub-Lessee to perform all the duties and obligations of the Lessee hereunder.... No ... sublease shall be valid or effective until Lessor’s consent has been obtained. Consent to one... sublease shall not constitute consent to any succeeding ... sublease.” Amendments to the lease since 1994 did not alter this provision.

 Rule 64A was repealed on March 1,2008 in conjunction with the amendment of Mass. R. Civ. R, Rule 52.