Merrick, J.
This is a summary process action by the plaintiffs, Barry Rosemark and Lynda Rosemark, Trustees of Rosemark Nominee Realty Trust (collectively “Rosemark”), owners of a dwelling at 35 Dale Road in Holbrook, against the defendant, Alan Hunt (“Hunt”). For a number of years, Rosemark rented the dwelling to a close friend, Marjorie Hall (“Hall”), the mother of defendant Hunt. Rosemark charged Hall a below-market rent and, indeed, in the last year of her life, charged her no rent at all. Prior to Hall's death in July of 1997, she had been ill and her son Hunt had stayed with her part of the time to take care of her. After Hall’s death, Hunt continued to live at the property until February of 1998 without paying rent.
Rosemark’s relationship with Hall was such that he was named executor of her estate. The estate included a substantial amount of money in mutual funds, the bulk of which, $150,000.00, was left to Hunt, in preference to his siblings. The estate also included a property in Maine, which was sold. Hunt had been a poor money manager, and, during her life, his mother had doled out small amounts of money to him. At the closing on the Maine property in February, 1998, Hunt gave Rosemark $60,000.00 of the proceeds of the sale. According to Rosemark, Hunt was concerned that his second wife, who was taking him to court, would get some of the money or that he would “blow it.” The court found that the parties had agreed that Hunt would live in the property for eight years, not for his life as he asserted at trial. Beyond that, the parties did not reach a meeting of the minds as to what would happen in eight years and no agreement was reduced to writing.
During the ensuing eight years ending in 2006, Rosemark paid for taxes and insurance on the property. The $60,000.00 was less than the market rental value of the property for eight years. Hunt paid no further amounts to Rosemark, but made improvements to the property at his own expense, which were not authorized by Rosemark or, for that matter, the town of Holbrook. In late 2006, Rosemark expressed concern that his expenses for the property were continuing. Hunt offered to buy the properly for $100,000.00 with a credit of some $35,000.00 for the work he had performed on it. The parties were not able to reach agreement on a sale. This action followed. After a bench trial, the judge awarded possession to Rosemark. Hunt appealed.
*54 1. Although counsel had represented him during negotiations with Rosemark, Hunt appeared pro se at trial. Nearly two months after judgment entry, counsel appeared for Hunt and moved under Mass. R. Civ. E, Rule 59(e) for a new trial, arguing for the first time a theory not raised at trial, namely, that Hunt’s payment of $60,000.00 had given rise to a resulting trust in the property. The motion was denied by the trial judge. The motion, appropriately designated by Hunt’s counsel as “(late),” was not timely filed; and even if it had been treated as a motion for relief from judgment under Mass. R. Civ. R, Rule 60, such a motion could not serve as a vehicle for preserving issues not raised at trial. Piedra v. Mercy Hosp., Inc., 39 Mass. App. Ct. 184, 187-188 (1995).
2. As Hunt did not file requests for rulings of law or a motion for involuntary dismissal under Mass. R. Civ. P., Rule 41 (b) (2), the judge was not required to write findings of fact or conclusions of law, Mass. R. Civ. R, Rule 52(c), and Hunt preserved no legal issue for appeal. The judge did, however, write three pages of findings explaining her decision.
Where, as in the instant case, a trial judge elects to make voluntary written findings of fact not required in a District Court non-jury action, a narrow window of appellate opportunity is created for a party who has failed to preserve his right to appellate review. Consideration may be given on appeal to the question of whether the trial court’s findings of fact are so devoid of support in the record that they are “clearly erroneous.” (Citations omitted.) In undertaking such review, however, an appellate court does not weigh anew evidence in support of the appellant’s position, as [Hunt] urges here. (Citation omitted.) The trial court’s findings of fact are accorded the customary appellate deference, and the burden of proof is on the appellant to establish that the court’s findings cannot be substantiated “on any reasonable view of the evidence, including all rational inferences of which it was susceptible” (citations omitted).
Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 172, 174.
Certainly, it is true, as Hunt argues, that “[a] finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been made.” Ronan v. Donaroma’s Nursery & Landscape Servs., Inc., 2007 Mass. App. Div. 6, 7, quoting Jablonski v. Casey, 2003 Mass. App. Div. 203, 206. However, “[u]nless the Appellate Division is convinced that the findings cannot be sustained on any reasonable view of the evidence, including any rational inferences capable of being drawn from the evidence, the findings cannot be pronounced ‘clearly erroneous.’” Id., quoting Cardoza v. Cardoza, 2006 Mass. App. Div. 137, 138. In his appeal of the judge’s original decision, Hunt, while claiming that the judge’s findings support a theory of resulting trust, actually relies upon his own testimony, which was, in some material respects, contradictory to the judge’s findings of fact. The judge found, as noted above and supported by Rosemark’s testimony, that there had been an agreement between Rosemark and Hunt that Hunt would pay $60,000.00 to Rosemark, that Hunt could live in the property for eight years, and that the parties would negotiate further at that time. The judge found there had been no agreement to give Hunt a *55 life estate and no meeting of the minds on any other subject. The judge’s findings were not “clearly erroneous.”
Judgment affirmed.
So ordered.