Williams, P.J.
The plaintiff, Muni-Tech, Inc. (“Muni-Tech”), appeals the bench-trial judgment in favor of the defendant, Mark Henry (“Henry”), claiming that because Henry had stipulated at trial that Tanisha Phifer (“Phifer”) was driving his car with unrestricted permission when she struck and damaged Muni-Tech’s traffic signal pole, Henry should have been found liable for repair costs by operation of G.L.c. 231, §85A.[1] We affirm the judgment and dismiss the appeal.
On October 24, 2004, Phifer struck and damaged Muni-Tech’s traffic signal and mast arm in Dorchester. At trial, Muni-Tech and Henry stipulated that Henry owned the car and that Phifer was authorized to drive it. Henry’s brother had arranged for her to borrow Henry’s car to run her own errands, including shopping and visiting her mother. The trial court found “no evidence that the incident was anything but an accident” — that is, that Muni-Tech had not proved Phifer’s negligence. The court also found that even if Phifer’s negligence had been proved, it was not Henry, but his brother, who had allowed Phifer to drive Henry’s car. Thus, the court determined that Phifer was neither acting as Henry’s agent, nor advancing his interests. Judgment was entered for Henry.
Muni-Tech argues that the verdict for Henry was erroneous because G.L.C. 231, §85A makes the registered owner of a vehicle — here, Henry — responsible for the operation of that vehicle as a matter of prima facie evidence. Henry cannot overcome the prima facie effect of the statute, in Muni-Tech’s view, given his admission that he had permitted Phifer to drive his car. Muni-Tech further argues that the evidence *252 suggested no cause for the accident but Phifer’s negligence.
General Laws c. 231, §85A is remedial in purpose and is intended to help a plaintiff prove that a driver was acting on behalf of a vehicle owner at the time of an accident. Thompson v. Auto Credit Rehabilitation Corp., 56 Mass. App. Ct. 1, 5 (2002). Here, evidence that Henry owned the car shifted the burden of persuasion to him to prove that Phifer was not a person for whose conduct he was legally responsible, and would have entitled the trial court to find such responsibility “without other evidence to that effect, and to disbelieve any evidence that he was not [so responsible].” Id., quoting Arrigo v. Lindquist, 324 Mass. 278, 280 (1949). Stated another way, §85A shifted the burden to Henry to prove Phifer was not his servant or agent in driving the car at the time of the accident. Mitchell v. Hastings & Koch Enters., Inc., 38 Mass. App. Ct. 271, 276 (1995).
The problem with Muni-Tech’s reliance on the effect of the statute, coupled with Henry’s admission of permission, is simply that there was evidence that Phifer, driving the car within the parameters of that permission, was nevertheless not acting as his agent at the time of the accident. Permission does not equate to agency. The stipulation that Phifer was driving Henry’s car with permission adds nothing to the operation of the statute.[2]
Section 85A of G.L.c. 231 does not alter the substantive law of negligence. Covell v. Olsen, 65 Mass. App. Ct 359, 363 (2006), citing Cheek v. Econo-Car Rental Sys. of Boston, Inc., 393 Mass. 660, 662 (1985). The statute does not, as Muni-Tech seems to suggest, “make the ... [owner] prima facie liable for every accident in which his automobile is involved.” Gallo v. Veliskakis, 357 Mass. 602, 604 (1970), quoting Little v. Levison, 316 Mass. 159, 161 (1944). “It does no more than carry ‘the case to the [fact finder] as far as agency of the driver in behalf of the defendant is concerned.’” Falden v. Crook, 342 Mass. 173, 176-177 (1961), quoting Legarry v. Finn Motor Sales, Inc., 304 Mass. 446, 447 (1939). See Covell, supra at 363; Mitchell, supra at 276. Thus, the statute does not dilute the fundamental rights of a defendant, who may counter the prima facie evidence created by the statute with other evidence. Covell, supra at 364, citing Cheek, supra at 662-663. See also, e.g., Wheeler v. Darmochwat, 280 Mass. 553, 557 (1932) (prima facie case may be “contradicted or explained”). Phifer’s actions may be imputed to Henry only if, at the time of the accident, Henry had the authority and means to control her conduct. Covell, supra at 363. The issue is not whether Henry actually exercised that control, but whether he had the authority and means to do so. Id. at 364. More particularly, Henry’s liability as a principal must “flow[] from proof that []he ‘had the right to control the result to be accomplished by [Phifer] and the means employed to accomplish that result.’” Id. at 363, quoting Thompson, supra at 5-6. At least part of the inquiry as to control looks at whose interests are served by the operation of the vehicle — Henry’s or Phifer’s. See id. at 365. See also, e.g., Peters v. Haymarket Leasing, Inc., 64 Mass. App. Ct. 767, 773 (2005) (agency issue ordinarily issue of fact). Evidence that Phifer was using Henry’s car to visit her family and go shopping sufficed to overcome the prima facie effect of *253 Henry’s registration and to support the trial judge’s finding that Henry was not vicariously liable for Phifer’s operation.
Even if the trial court had found agency here, it also found that Phifer was not negligent. Liability of a registered owner of a vehicle under G.L.c. 231, §85A, like the responsibility of a principal for his agent’s negligence, or a master for his servant’s, is not joint and several, but derivative. Gangl v. Ford Motor Credit Co., 37 Mass. App. Ct. 561, 563 (1994), citing Elias v. Unisys Corp., 410 Mass. 479, 481482 (1991). A finding that a driver is not negligent compels a finding as a matter of law that the owner is not liable. Gangl, supra. See also, e.g., Medeiros v. Middlesex Ins. Co., 48 Mass. App. Ct. 51, 55 (1999); Mitchell, supra at 279.
We note that Muni-Tech did not move for a new trial pursuant to Mass. R. Civ. P, Rule 59(a). See generally Mealey v. Super Curline Hair Wave Corp., 342 Mass. 303, 305-306 (1961). Further, although the trial judge ruled on all Muni-Tech’s numerous proposed findings of fact and requests for rulings of law, Muni-Tech appealed from none of those rulings.[3] Rather, Muni-Tech argues, generally, that the weight of the evidence should have led to the (threshold) finding that Phifer was negligent. We proceed to consider Muni-Tech’s argument.
We review the trial judge’s factual findings, specifically her finding that Phifer was not negligent, for clear error. See, e.g., Silva v. City of Attleboro, 454 Mass. 165, 167 (2009). Muni-Tech bears the heavy burden[4] of establishing that the trial court’s findings cannot be supported on any reasonable view of the evidence, including any rational inferences capable of being drawn from the evidence. Rosemark v. Hunt, 2009 Mass. App. Div. 53, 54, citing Ronan v. Donaroma’s Nursery & Landscape Servs., Inc., 2007 Mass. App. Div. 6, 7, and Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 172, 174. See also, e.g., Rood v. Newberg, 48 Mass. App. Ct. 185, 190-191 (1999). Absent Muni-Tech satisfying its burden, the findings cannot be pronounced “clearly erroneous” unless “although there is evidence to support [them], [we], on the entire evidence, [are] left with the definite and firm conviction that a mistake has been made.” Rosemark, supra at 54, quoting Jablonski v. Casey, 2003 Mass. App. Div. 203, 206.
Muni-Tech argues that Phifer’s account of the accident, which featured a phantom vehicle striking the Henry car and pushing it into Muni-Tech’s pole, is unreliable, a proposition with which the trial court agreed. Discounting Phifer’s testimony, in Muni-Tech’s view, leads inexorably to the conclusion that she drove negligently. It is, however, basic that “the mere happening of [an] accident [does] not warrant a *254 finding of negligence.” Zarrillo v. Stone, 317 Mass. 510, 512 (1945). See Benzaquin v. Friendly Ice Cream Corp., 2003 Mass. App. Div. 65, 66 and cases cited. The only other evidence as to the happening of the accident came from Massachusetts State Police Trooper Kevin Fay (“Fay”), who investigated the accident. Although his testimony bolstered the notion that another vehicle had not collided with the Henry car as Phifer described, Fay opined only that Phifer “appeared to have gone straight off the road and into the pole.” Further, he considered the rain a “factor” in the accident.
There was no direct evidence that Phifer violated any statutes or other “rules of the road,” was speeding, failed to heed a traffic signal, was inattentive, or otherwise failed to exercise reasonable care in operating Henry’s car at the time in question. See, e.g., Jupin v. Kask, 447 Mass. 141, 146 (2006) (‘To prevail on a negligence claim, a plaintiff must prove that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage.”). Muni-Tech’s description of the probable path of Henry’s vehicle in knocking down its signal pole and a traffic light does not illuminate what it was about Phifer’s operation that required, and did not merely warrant, a finding of negligence.[5]
That another judge, or this Appellate Division, might properly have deemed Phifer negligent is of no moment. See, e.g., Darin, LLC v. StratEdge Corp., 2008 Mass. App. Div. 91, 92. This trial judge’s finding that Phifer was not negligent was not clearly erroneous, and, on the record here, we are not firmly convinced the trial judge committed a mistake.
Judgment affirmed.
So ordered.

 General Laws c. 231, §85A provides, in pertinent part:
In all actions to recover damages for injuries ... to property... arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirmative defense to be set up in the answer and proved by the defendant.
The record does not reveal why Phifer was not a party to this action.

 As to the binding effect of such admissions and stipulations, see Mirashefski v. White City Apartments., Inc., 343 Mass. 774 (1961) and Brocklesby v. City of Newton, 294 Mass. 41, 42-43 (1936), cited in Thompson, supra at 7.

 Although this action was commenced in January, 2006, the trial did not take place until June, 2008. The version of Mass. R. Civ. R, Rule 52 applicable to “procedural steps occurring on or after March 1,2008” of “pending actions commenced on or after August 31, 2004” applied to this action. Editorial Note, Mass. R. Civ. R, Rule 52 (2009).

 “So long as the judge’s account is plausible in light of the entire record, an appellate court should decline to reverse it. Where there are two permissible views of the evidence, the fact-finder’s choice between them cannot be clearly erroneous.” Lily Transp. Corp. v. Royal Institutional Servs., Inc., 64 Mass. App. Ct. 179, 181 (2005), quoting Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 509-510 (1997).

 Even Muni-Tech’s most pointed requested finding of fact seems to recognize that a finding of negligence was not required in this action: ‘Taken together, the physical facts of the accident scene, the testimony of Trooper Fay and the lack of credibility attending Phifer’s deposition testimony, malee probable Phifer’s negligent operation of the vehicle. Com. v. Dinkins, 440 Mass. 715 (2004).” (emphasis supplied) . Dinkins, incidentally, is a first-degree murder case dealing with destroyed ballistics evidence, ineffective assistance of counsel, and jury instructions about inferences. None of Muni-Tech’s requests sought a ruling that a finding that Phifer was negligent was required, as opposed to warranted.