SYLVIA SPAULDING *vs.* WILLIAM YOUNG & another.[1]

No. 90-P-1334.

Hampden. February 24, 1992. - June 4, 1992.

Present: ARMSTRONG, SMITH, & PORADA, JJ.

*Consumer Protection Act*, Landlord and tenant. *Landlord and Tenant*, Habitability, State Sanitary Code, Consumer protection.

In an action involving a claim under G. L. c. 93A by a tenant against her landlord, arising from injuries sustained by the plaintiff when a cabinet in her kitchen fell and hit her on the head, the judge's findings that, although "[t]here was evidence on which the jury could find the [defendant] negligent in the manner in which the cabinet was fastened . . . [i]n all other respects the apartment was habitable and fit for human habitation," did not require the conclusion claimed by the plaintiff that the defendant had committed a breach of the warranty of habitability and, therefore, had violated c. 93A. [626-628]

CIVIL ACTION commenced in the Superior Court Department on March 23, 1984.

The case was tried before *William H. Welch*, J.

*Louis Kerlinsky* for the plaintiff.

*Mary Jane O'Connor* (*Patricia O'Connor* with her) for the defendants.

SMITH, J. The defendants owned a 300-unit apartment complex in Agawam. In October, 1981, the plaintiff became one of their tenants. On December 31, 1981, the plaintiff, while in her apartment, reached for something in a kitchen cabinet located above the sink. The cabinet fell and hit the plaintiff on the head, knocking her to the floor.

The plaintiff brought an action in the Superior Court against the defendants seeking damages for personal injury resulting from alleged (1) negligence, (2) breach of the war-

---

[1]Harold Grinspoon.

ranty of habitability, and (3) violation of G. L. c. 93A. A later amendment added counts for property damage.

The counts involving the negligence and breach of warranty claims were tried to a jury; the judge reserved to himself the decision on the plaintiff's c. 93A claim. The jury returned a special verdict in favor of the plaintiff. They found that the defendants were negligent and also had violated the implied warranty of habitability. They awarded the plaintiff the sum of $7,900 for personal injury and $2,100 for property damage.

After the jury returned their verdict, the judge held a hearing on the plaintiff's c. 93A claim. The plaintiff contended that the improper installation of the kitchen cabinet was a breach of the warranty of habitability and, therefore, a c. 93A violation. See *Haddad* v. *Gonzalez*, 410 Mass. 855, 856 (1991); *Dorgan* v. *Loukas*, 19 Mass. App. Ct. 959, 960 n.3 (1985). See also Attorney General's regulations regarding rental of dwelling units. 940 Code Mass. Regs. § 3.17 (1978). The only evidence introduced at the hearing consisted of correspondence between the parties, including the plaintiff's c. 93A demand letters.

After the hearing concluded, the judge filed a memorandum of decision that contained his findings of fact, rulings of law, and order for judgment. We summarize the judge's findings of fact. The defendants cleaned and inspected the apartment before the plaintiff moved into the unit in October, 1981. There was no indication of any problem with the cabinet, and the defendants had not received any complaints of looseness of the cabinet before it fell. The cabinet that fell was the only one in the 300-unit complex that had ever fallen, and that, only after fifteen years of use. It had been attached to the wall by ten-penny finish nails without a supporting vertical board. When the cabinet was reinstalled by the defendants, it was attached to the wall by three-inch screws in place of the nails.

Based on his findings, the judge ruled that although "[t]here was evidence on which the jury could find the defendants negligent in the manner in which the cabinet was

fastened and maintained only with ten penny nails . . . [i]n all other respects the apartment was habitable and fit for human habitation." The judge implicitly concluded, in contrast to the jury's verdict,[2] that there was no breach of the warranty of habitability and denied the plaintiff's c. 93A claim.

The plaintiff filed a motion for a new trial in regard to her c. 93A claim. The judge denied the motion, again ruling that while "[t]here was evidence of negligence for the jury to find    . . . I would not concur that there was a breach of the warranty of habitability." He concluded that the apartment "was not uninhabitable as defined in 105 [Code Mass. Regs.] § 410.022 [1980] and [the improper installation] did not have a direct and significant bearing on habitability," citing *Altschuler* v. *Boston Rent Bd.*, 12 Mass. App. Ct. 452, 457-458 (1981).

The plaintiff does not argue that the judge's findings of fact are clearly erroneous. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). Rather, she claims on appeal that the findings of fact required the conclusion that the defendants had committed a breach of the warranty of habitability and, therefore, had violated c. 93A. In particular, she argues that the improper installation of the kitchen cabinet violated the Sanitary and Building Codes.[3] See *Altschuler* v. *Boston Rent*

---

[2]We have held that a judge may make a decision on a c. 93A claim that is "directly contrary to the findings of the jury on the issues submitted to them." *Chamberlayne Sch. & Chamberlayne Jr. College* v. *Banker*, 30 Mass. App. Ct. 346, 354-355 (1991).

[3]The plaintiff also claimed that the defendants violated the Attorney General's regulations, 940 Code Mass. Regs. § 3.17 (1978), pertaining to "Conditions and Maintenance of a Dwelling Unit." Those regulations state in pertinent part that:

"It shall be an unfair or deceptive act or practice for an owner to:

"(a) Rent a dwelling which, at the inception of the tenancy

"1. contains a condition which amounts to a violation of law which may endanger or materially impair the health, safety, or well-being of the occupant; or

"2. is unfit for human habitation;. . ."

The language in the regulation tracks similar language in the Sanitary Code. The judge specifically found that the defendants did not commit an

*Bd., supra* at 456 (the warranty of habitability "includes, as a minimum, not only the requirements of the Sanitary Code but also those of the Building Code"). She also raises additional issues associated with the judge's decision dismissing her 93A claim.

Under the Sanitary Code, "[a]n apartment need not be totally uninhabitable before the implied warranty is violated." *Id.* at 458. A condition that "may endanger or materially impair the health or safety and well-being of an occupant," 105 Code Mass. Regs. § 410.023 (1980), is sufficient to violate the warranty of habitability. *Id.* at 457, citing *Boston Hous. Authy.* v. *Hemingway*, 363 Mass. 184, 200 n.15 (1973). Such a condition is defined in § 410.023 as a "condition, listed in 105 [Code Mass. Regs.] § 410.750 of [the Sanitary] Code or any other condition so certified by the board of health to be a violation, which may expose or subject to harm, the health or safety, and the wellbeing of an occupant or the public." The improper installation of a kitchen cabinet is not listed in 105 Code Mass. Regs. § 410.750 (1980) as a condition that "may endanger or materially impair the health, or safety and wellbeing" of an occupant. Further, there was no evidence that the board of health was involved in this matter in any way.

The Building Code provides no support for the plaintiff's claim that the judge was compelled to find that the defendants committed a breach of the warranty of habitability. The sections of the Building Code that the plaintiff claims the defendants violated are concerned with structural conditions, such as roofs, walls, and foundations, and do not apply to improper installation of kitchen cabinets.[4]

---

unfair or deceptive practice and that there was no breach of the warranty of habitability.

The judge was warranted in finding that there was no violation of 940 Code Mass. Regs. § 3.17.

[4]Even if we assume that the improper installation of the kitchen cabinet constituted a violation of the Sanitary or Building Codes, the judge could warrantably have found, in these circumstances, that it was not a material breach of the warranty of habitability. See *Boston Hous. Authy.* v. *Hemingway, supra* at 200 & n.15.

We are aware that "[t]here may be instances where conditions not covered by the [Sanitary or Building Codes] render the apartment uninhabitable." *Boston Hous. Authy.* v. *Hemingway*, 363 Mass. at 200 n.16. In those instances, the fact finder is given "broad discretion to determine whether there is a material breach . . . ." *Ibid*. Here, the judge found that there was no breach of the warranty of habitability. There is nothing in the evidence that *required* a different result.

We have examined the other issues raised on appeal by the plaintiff. We note that several of the issues are repetitive of the issue that is disposed of in this opinion. As the remaining issues have no merit in our view, we do not believe that they warrant any further exposition.

The judgment dismissing the plaintiff's c. 93A claim is affirmed.

*So ordered.*