Welsh, J.
This is a civil action in which the plaintiff claims that the defendant negligently operated a motor vehicle, causing it to collide with a vehicle operated by the plaintiff on a public way in the Town of Milton, resulting in personal injury to plaintiff.
The case was tried before a jury of six, resulting in a verdict for the defendant The defendants appeal raises several issues which we address seriatim.
Viewing the evidence in a light most favorable to the defendant, the jury, as a rational trier of fact could have reached the following conclusions:
On February 18,1996, at approximately 7:00 p.m. the plaintiff was involved in a motor vehicle accident in the vicinity of the intersection of Reedsdale Road and Academy Lane in the Town of Milton. Just prior to the accident the plaintiff had stopped on Canton Avenue to offer a ride to an elderly woman. The elderly woman accepted the ride and crossed Canton Avenue to get into plaintiff’s car. She was encumbered with bundles and packages and it took her some time to get settled in the plaintiff’s car. A vehicle operator to the rear of plaintiff s vehicle (not the defendant) impatiently sounded the horn and flicked the headlights from high beam to low beam. The distance from the Canton Avenue intersection with Reedsdale Road and that of Reedsdale Road and Academy Lane is about 300 feet The plaintiffs vehicle was struck by the defendants vehicle as she was in the process of turning left from Reedsdale Road onto Academy Lane.
While making her turn from Canton Avenue to Reedsdale Road, she accelerated somewhat because of the impatient motorist to her rear. Her attention was focused on the rear view mirror to keep a lookout for the car that had been sounding its horn and flashing its lights. While traveling on Reedsdale Road, the vehicle operated by the defendant approached traveling in the same direction on Reedsdale Road. The plaintiff did not see the car operated by the defendant before impact
The defendant testified that he saw the lights of the plaintiffs vehicle ahead of him on Reedsdale Road. The vehicle was traveling very slowly in the right hand lane. The defendant moved into the left hand lane to overtake and pass the plaintiff’s vehicle. As he was about to pass, the plaintiffs vehicle turned left in front of him, resulting in a collision. He testified that the plaintiff did not use a directional signal to indicate a left hand turn. When he noticed the vehicle turning, he swerved to the right and applied his brakes in an attempt to avoid a collision. The point of impact was the center of the defendants car and the left side of the plaintiff’s car.
*67 1. The plaintiff claims error in the court’s denial of her motion for new trial based upon her contention that the verdict was against the weight of the evidence. This contention fails for a number of reasons. While abuse of discretion is the standard for reviewing (See Perry v. Manufacturer’s Nat’l Bank, 315 Mass. 653, 656 [1944]) a judge’s determination of a motion for new trial, the instances in which such actions are reversed on appeal are exceedingly rare. Fialkow v. DeVoe Motors, Inc., 359 Mass. 569, 576-577 (1971); Hartmann v. Boston Herald-Traveller Corp., 323 Mass. 56, 61 (1948). The judge may set aside a verdict as being against the weight of the evidence only if he is satisfied that the jury have failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law. Bartley v. Phillips, 317 Mass. 35, 40-41 (1944), and cases cited. Another formulation of the standard is “... whether the verdict is so markedly against the weight of the evidence as to suggest that the jurors allowed themselves to be misled, were swept away by bias or prejudice, or for a combination of reasons, including misunderstanding of applicable law, failed to come to a reasonable conclusion (citation omitted).” W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 748 (1993).
Viewed in the light of these formulations of the standard, the judge’s decision is unassailable. Intersection accidents are nearly always questions of fact Additionally, there was abundant evidence from which a jury might have concluded that the defendant was not negligent It might be inferred, for example, that plaintiff’s attention was diverted making sure her passenger was properly settled in the vehicle and that she did not look carefully before turning left into the defendant’s lane of travel. The transcript indicates that the judge carefully considered the plaintiffs contention as to an inference of excessive speed by the defendant based upon the interval between change of traffic signals and the distance to the point of impact This careful consideration seems the very antithesis of the notion of arbitrariness implied in the concept “abuse of discretion.” In short the plaintiff seems to argue that on the evidence the jury had to find the defendant was negligent[1] Rarely, in a case involving oral evidence, can it be said that the party with the burden of proof is entitled to prevail as a matter of law. Companion v. Colombo, 338 Mass. 620 623 (1959); McDonough v. Metropolitan Life Ins. Co., 228 Mass. 450, 452 (1917).
2. Plaintiff claims error by reason of “juror misconduct” This claim is without merit The essence of this claim is that notwithstanding admonitions by the trial judge during the trial to keep an open mind and not discuss the evidence among themselves until the case was submitted to them, one of the jurors caused a note to be passed to the trial judge asking whether there was a police report and what was its content The judge properly instructed the jury not to engage in speculation about matters not in evidence. We presume that the jurors followed this instruction. Roberts v. Southwick, 415 Mass. 465, 473 (1993).
Plaintiff urges us to conclude that since the question was posed prior to arguments and charge, the jurors must have been discussing the case in violation of the judge’s explicit order to refrain from doing so. The plaintiff cites no case, nor have we discovered one that such discussion, without more, amounts to juror misconduct warranting the setting aside of a jury verdict Appellant does not offer any argument showing prejudice by reason of the question posed. Nor does she demonstrate that the jury was no longer indifferent or impaired in weighing the evidence Impartially. She points to the fact that the jury deliberated only for about a half hour before reaching a verdict suggesting that they did not consider the evidence with the care that was merited. Suffice it to say a rational view of the evidence supports the view that defendant was not negligent
*68 3. Finally, since the jury determined that the defendant was not negligent, there is no reason to discuss at length the plaintiffs claim that the judge failed expressly to charge that the plaintiff was presumed in the exercise of due care. G.L.c. 231, §85. In discussing comparative negligence, the judge gave a lucid explanation of each party’s burden of proof. We determine that failure to instruct as to the presumption of due care was not error. See Gynan v. Hayes, 9 Mass. App. Ct. 721, 722 (1980). The better course is not to mention the presumption of due care. Perry v. Boston Elevated Railway, 322 Mass. 206, 210 (1948).
For the reasons stated, we affirm the order denying the motion for new trial and dismiss the appeal.
So ordered.

 There was evidence that would permit but not compel the jury to find negligence.