Coven, J.
Berlin Haynes (“Landlord”) commenced this summary process action to evict Kevin Crockett (‘Tenant”) from his basement apartment for being an “undesirable tenant” and for nonpayment of rent. The Tenant timely filed an answer and counterclaims. When the Landlord failed to appear for trial, his complaint was dismissed and he was defaulted on the Tenant’s counterclaims. An assessment of damages hearing was held on the same day; the Tenant’s attorney presented no evidence of attorney’s fees. Judgment was entered for the Tenant in the amount of $1,800.00 in damages (without attorney’s fees) on his counterclaims for breach of quiet enjoyment pursuant to G.L.c. 186, §14, breach of the warranty of habitability, retaliation pursuant to G.L.c. 186, §18, negligent failure to maintain the premises, and unfair and deceptive acts in violation of G.L.c. 93A. The Tenant moved for reconsideration of damages, which was denied by the trial judge.[1] The Tenant appealed, alleging that the trial judge abused her discretion in failing (1) to award attorney’s fees pursuant to c. 186, §14, and (2) to award damages for breach of the warranty of habitability, retaliation, negligent failure to maintain the premises, and violation of c. 93A.
There was evidence presented at the hearing that from January 1,2003 to May 15, 2008, the Tenant occupied a basement apartment,[2] paying rent as a tenant at will.[3] On February 8, 2008, Leo Karapetian, a building inspector from the Somerville Inspectional Services Division (“ISD”), inspected the basement unit. Three days later, on February 11,2008, the ISD served the Landlord with a notice that the base *179 ment was an illegal apartment in violation of the State Building Code[4] and that the remedy was to remove the Tenant from the illegal unit, correct the partition, wiring and plumbing, and restrict the basement to its legal use as a storage area. On the same day, the Tenant gave the Landlord written notice that he was withholding rent due to the Code violations. On March 10,2008, the Landlord served the Tenant with a notice to quit for nonpayment of rent. The Landlord also obtained a G.Lc. 209A restraining order[5] against the Tenant, and nailed a handwritten wooden sign to the Tenant’s door, stating:
NOTICE: This basement is not to be use [sic] to play music nor [sic] sleeping. You turn [sic] me in to the City of Somerville for an eliegle [sic] apartment. The inspectors came and the health department came. They told me to shut this place down, so as of 18 & 19 all lights and water will be turn [sic] off. Mr. Haynes. You had 3 apartment [sic] off [sic] to you. You refuse [sic] them. Call the City. Tell them.
On March 12,2008, the Landlord entered the basement apartment without notice to, or the consent of, the Tenant, removed the Tenant’s stove and name from the mailbox, and terminated the utilities.[6] The Landlord informed the ISD of the actions he had undertaken; however, the ISD responded in a letter that the apartment remained noncompliant with the Code and ordered the Landlord to comply fully by March 28 to avoid court action.[7] From March 12 to April 16, the Tenant resided in the basement apartment without a stove or utilities until the Landlord padlocked the Tenant’s door and posted a sign stating that the Tenant had to contact him in order to gain access.[8] In late April or early May, 2008, the Tenant contacted the Landlord *180 and was able to access the apartment.[9] Litigation ensued subsequent to the Tenant vacating the apartment on May 15, 2008.
From this evidence, the trial judge, in a written memorandum, found that the Tenant had suffered no actual damages, and awarded him $1,800.00, three times the monthly rent under G.L.c. 186, §14, for “all of the Tenant's harms.”
We address each of the Tenant’s counterclaims in turn.
1. Breach of quiet enjoyment. The implied covenant of quiet enjoyment protects against a landlord’s serious interference with the tenant’s right to use, enjoyment, or possession. Simon v. Solomon, 385 Mass. 91, 102 (1982). Pursuant to G.L.c. 186, §14, a landlord is liable for breach of quiet enjoyment where the landlord (1) wilfully or intentionally failed to furnish required utilities or services,[10] (2) directly or indirectly interfered with the furnishing by another of such utilities or services, (3) transferred the responsibility for payment for any utility service to the tenant without his knowledge or consent, (4) directly or indirectly interfered with the tenant’s quiet enjoyment of any residential premises, or (5) attempted to regain possession of such premises by force without due process. There is no good faith defense to a counterclaim for breach of the covenant of quiet enjoyment under c. 186, §14, see Cruz Mgt. Co. v. Thomas, 417 Mass. 782, 788-790 (1994), and a tenant need not leave the premises to bring such a claim. Shindler v. Millen, 282 Mass. 32, 33-34 (1933).
Pursuant to G.L.c. 186, §14, any act in violation of the statute entitles the tenant to “actual and consequential damages or three month’s rent, whichever is greater, and the costs of the action, including a reasonable attorney’s fee.” Judgment was entered for the Tenant on this claim, but the trial judge failed to award attorney’s fees and costs. The judge abused her discretion in not allowing the Tenant’s attorney to present evidence of attorney’s fees and costs as such an award is mandatory and automatic for the party prevailing on a claim for breach of quiet enjoyment.
2. Breach of warranty of habitability. An implied warranty of habitability is a contractual right and part of the bargain to enter into a rental agreement. Cruz Mgt. Co. v. Wideman, 417 Mass. 771, 775 (1994). Contrary to the Tenant’s contention that a material violation of regulations such as the Code constitutes a breach of warranty, Spaulding v. Young, 32 Mass. App. Ct. 624 (1992) stands for the proposition that violations of regulatory standards such as those set forth in the State Building Code and State Sanitary Code do not compel a finding of a material breach of the warranty of habitability. Id. at 627. See also Jablonski v. Casey, 64 Mass. App. Ct. 744, 747 (2005). If a court finds for a tenant on a breach of warranty claim, the breach must be material. Boston Hous. Auth. v. Hemingway, 363 Mass. 184, 200 (1973). Damages accrue from the date the landlord had notice of the violation or from the inception of the tenancy, and are measured as the difference between the value of the dwelling unit as warranted and the value of the dwelling unit in its defective condition. Id. at 199,203.
The Tenant, relying on several Housing Court decisions, contends that he is entitled to $40,750.00, representing the amount of rent paid, because an illegal apart *181 ment is valued at $0.00. This contention, however, is not established as a matter of law. Id. at 203. See McKenna v. Begin, 5 Mass. App. Ct. 304, 313 (1977) (Brown, J., concurring). Therefore, the rent paid is only some evidence of the value of the premises, and the amount of damages remains within the court’s discretion. See id. at 306. See also Simon, supra at 110 n.13 (suggesting that damages greater than amount of rent paid by tenant may be windfall to tenant). But see Haddad v. Gonzalez, 410 Mass. 855, 872-873 (1991) (rejecting position articulated in Simon).
Further, a material breach of the warranty of habitability constitutes a G.Lc. 93A violation as a matter of law. Cruz Mgt. Co. v. Thomas, supra at 790.
3. Unfair and deceptive trade practices. A landlord who engages in unfair and deceptive trade practices in violation of G.L.c. 93A is liable for actual damages or $25.00, whichever is greater, plus attorney’s fees and costs. G.L.C. 93A, §9. If the trial judge finds that the Landlord engaged in a willing, knowing, or reckless violation, the Tenant must be awarded double damages, but no more than treble damages, and attorney’s fees and costs under c. 93A, §9 or c. 186.
4. Retaliation. Pursuant to G.L.c. 186, §18, a rebuttable presumption of retaliation is created if a landlord threatens, or takes actual reprisal, against a tenant within six months after the tenant exercises rights as provided under the housing laws, such as reporting suspected or actual violations. See Scofield v. Berman & Sons, Inc., 393 Mass. 95, 111 (1984). The presumption may be rebutted with clear and convincing evidence that shows that the actions were not a reprisal against the tenant and that there was independent justification for taking such action. G.L.c. 186, §18. If the landlord fails to introduce any evidence to rebut the presumption, the tenant is entitled, as a matter of law, to prevail on the claim for retaliation. Jablonski v. Clemons, 60 Mass. App. Ct. 473, 476-477 (2004).
Notwithstanding the ISD’s order to vacate the illegal unit, the trial judge may be warranted in finding that the landlord’s actions were motivated by retaliation. Even if the wooden sign were construed as timely remedial notice to the Tenant to vacate, the landlord also served the Tenant with a notice to quit, obtained an illegal restraining order, padlocked the door, and terminated the Tenant’s utilities. The term “reprisal” has been broadly construed and extends beyond retaliatory evictions and increases of rent. Scofield, supra at 111-112. If the trial judge finds that the Landlord acted in retaliation, the Tenant shall be awarded at least one month’s rent, but no more than three months’ rent, or the actual damages sustained by the tenant, whichever is greater, and attorney’s fees and costs.
5. Negligence. Negligence is the failure to exercise due care as a reasonable person would under the circumstances in which the negligent act gave rise to the plaintiff’s harm. The Tenant alleges that the Landlord owed him a duty of care and that he was harmed by the Landlord’s negligent actions. In this case, the alleged breach concerns the conditions of the premises and the violations of quiet enjoyment.[11] Therefore, the issue of whether a landlord has breached a duty of care owed to the *182 Tenant is a question the trial court is required to address and resolve. Further, violations of a statute or regulation do not constitute negligence per se, but are only some evidence of negligence. St. Germaine v. Pendergast, 411 Mass. 615, 620 (1992).
If the trial judge finds that the Landlord was negligent, the Tenant may be awarded actual damages or, at least, some part thereof. The judge, however, may not award damages for the negligence claim if she previously found that such actions constituted a breach of quiet enjoyment, or if the Tenant was successful on the breach of warranty of habitability claim.[12]
Based on the Findings of Fact, Rulings of Law and Order, it is unclear whether judgment was entered only for the breach of quiet enjoyment claim or for all of the Tenant’s claims. If the trial judge found for the Tenant on all claims, as the judgment suggests, then each claim is entitled to separate damages with attorney’s fees and costs. The judge, however, may not award duplicative damages for different harms arising from the same conduct.[13]
6. Appellate Costs. The Tenant has requested an award of attorney’s fees on appeal. The Tenant’s attorney may file directly with this Appellate Division and serve an affidavit in support of the attorney’s fees and costs within 20 days of the date of this opinion. The Landlord shall then have ten days to file a response. Fabre v. Walton, 441 Mass. 9 (2004).
Accordingly, we return this action to the Somerville Division for clarification of the findings, a new assessment of damages, and an award of attorney’s fees and costs associated with the initial action.
So ordered.

 The trial judge found that the Tenant’s attorney failed to present evidence of attorney’s fees at the original hearing and thereby waived her rights to file a motion for attorney’s fees and costs with an affidavit at a later date.

 21 Elmwood Street, Somerville, Massachusetts.

 Rent was $125.00 per week from February 1,2003 to 2004, and $150.00 per week from February 1, 2004 to February 10, 2008, totaling $40,750.00.

 Exhibits offered at the original hearing, but not included in the record, show six violations: (1) failure to obtain a permit to construct, (2) failure to obtain a certificate of occupancy, (3) obstructed second means of egress, (4) ceiling height requirement not met, (5) noncompliance with Mass. Electrical Code, and (6) noncompliance with the Mass. Plumbing Code.

 The Landlord improperly identified the Tenant as a household member or roommate, not a tenant, on the Landlord’s c. 209A application to the District Court. The restraining order was served on the same day, and a police officer removed the Tenant from the premises. On March 12, 2008, the District Court found that the Tenant was, in fact, a tenant and vacated the restraining order. This information was contained in a letter from the Tenant’s attorney to the Landlord, which the constable served on the Landlord.

 The Tenant testified that he had to dine out and microwave his food. As noted, the constable served the Landlord with a letter from the Tenant’s attorney, stating that the restraining order was unlawfully obtained. It also advised the Landlord that he was prohibited from either entering the Tenant’s unit, or removing the Tenant’s belongings, without due process. A similar letter was later sent on March 14, 2008.

 The letter was not introduced as part of the record and, therefore, uncertainty remains as to why the basement unit was not in compliance with the Code.

 The Tenant’s belongings remained in the basement apartment while he stayed with friends.

 The Tenant entered the apartment only to “move stuff out,” but continued to stay with friends.

 Listed under the statute as water, hot water, heat, light, power, gas, and elevator, telephone, janitor, or refrigeration service.

 The Memorandum in Support of the Motion for Reconsideration stated that the Tenant bad “no electricity, heat or water. [He] was forced to dine out every night at his expense and was forced to find alternative housing when the [Landlord] padlocked his door and refused him access.”

 Simon, supra at 110-111; Abdeljaber v. Gaddoura, 60 Mass. App. Ct. 294, 300-301 (2004).

 See note 12, supra.