MacLeod, J.
Plaintiff Larry D. Daniels (“Daniels”) brought this negligence action to recover for injuries allegedly sustained when the bicycle he was riding collided with an automobile driven by defendant Robyn A Ciccone (“Ciccone”). After trial, the jury returned a special verdict that Ciccone was not negligent. Daniels moved, unsuccessfully, for a new trial. He has appealed the denial of that motion.
The record discloses that on September 30, 2005, at approximately 1:30 PM, Daniels and Ciccone collided at the intersection of Appleton Street and Oak Street in Holyoke, Massachusetts. Just prior to the accident, both Daniels and Ciccone had been traveling on Appleton Street in opposite directions, and both had stopped for *84 traffic lights at the respective intersections preceding Oak Street. Daniels was behind two vehicles at his traffic light; Ciccone was first in line. Intending to turn left onto Oak Street, Ciccone proceeded up Appleton Street and activated her directional signal. At the intersection with Oak Street, she waited five seconds for the two automobiles coming down Appleton Street to pass and then began her turn. She immediately heard tires screech, saw Daniels, and braked. Within two seconds, Daniels struck the right front wheel of Ciccone’s automobile, allegedly sustaining injuries. Ciccone admitted that she had not seen Daniels before attempting her turn. Daniels, in contrast, testified that he had first seen Ciccone’s automobile as he passed through the intersection prior to Oak Street; had then seen her directional signal; had, in fact, focused on Ciccone’s vehicle; but never slowed down.
In his motion for new trial, Daniels argued that the jury’s finding that Ciccone was not negligent was against the weight of the evidence where the only evidence on the issue was her admission that she had not seen Daniels prior to impact.[1] The trial judge denied the motion, writing that Ciccone’s testimony that she had not seen Daniels may have constituted some evidence of negligence, but did not mandate such a finding. This appeal followed.
“The standard that a trial judge is to apply on a motion for new trial in a civil case is whether the verdict is so markedly against the weight of the evidence as to suggest that the jurors allowed themselves to be misled, were swept away by bias or prejudice, or for a combination of reasons, including misunderstanding of applicable law, failed to come to a reasonable conclusion.” Meyer v. Wagner, 57 Mass. App. Ct. 494, 504-505 (2003), quoting W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 748 (1993). ‘Whether to set aside a verdict because it is against the weight of the evidence is a question addressed to the discretion of the trial judge, and his discretion will not be disturbed unless that discretion has been abused.” Id. at 504. “By abuse of discretion, courts in this context mean the failure to avoid idiosyncratic choice brought on by arbitrary determination, capricious disposition, or whimsical thinking.” W. Oliver Tripp Co., supra.
In this case, we discern no abuse of discretion in the trial judge’s denial of Daniels’ motion.[2] The judge instructed the jury, appropriately, that an “operator of a motor vehicle using a public way owes a duty of reasonable care... to avoid placing himself *85 or herself or others in danger and to exercise reasonable care at all times to avoid a collision. In addition, the operator of a motor vehicle ... owes a duty to keep a proper lookout and make reasonable observations as to traffic and other conditions.” Therefore, to have concluded that Ciccone was not negligent, the jury must have found that she operated her automobile with reasonable care, kept a proper lookout, and made reasonable observations of conditions.
Such a finding is not foreclosed by the happening of the collision. Muni-Tech, Inc. v. Henry, 2009 Mass. App. Div. 251, 253-254, quoting Zarrillo v. Stone, 317 Mass. 510, 512 (1945) (“[T]he mere happening of [an] accident [does] not warrant a finding of negligence.”). Nor is it foreclosed by Ciccone’s admission that she had not seen and, therefore, failed to yield for Daniels, as any violation of the left-turn statute, G.L.c. 89, §8, is only some evidence of negligence.[3] Haynes v. Crockett, 2009 Mass. App. Div. 178, 182 (“[V]iolations of a statute or regulation do not constitute negligence per se, but are only some evidence of negligence.”). There was other evidence, such as Ciccone’s testimony that she timely activated her directional signal, looked up Appleton Street and waited for traffic to clear the intersection, and looked down Oak Street before turning, to support the jury’s failure to find negligence.[4]
Intersection accidents are nearly always questions of fact. McCrevan v. Miller, 2002 Mass. App. Div. 66, 67. “The fact that the jury could have found for the plaintiff!] does not make their verdicts against the weight of the evidence or inconsistent with substantial justice. ...”[5]Jamgochian v. Dierker, 425 Mass. 565, 571 (1997).
Judgment affirmed.

 Daniels also noted in his new trial motion that the jury members, on the special verdict form, had crossed their answer “No” to the question ‘Was any such negligence of the defendant, Robyn A. Ciccone, a substantial contributing cause of the plaintiff, Larry D. Daniels’, claims injuries?” He argued in his motion that, because this answer was not announced when the verdict was read, he was prevented from objecting to the jury’s inconsistent answers. As this argument was not briefed on appeal, we deem it waived. Duvivier v. Kay’s Oasis Enters., Inc., 2010 Mass. App. Div. 31, 34 n.2, citing Dist./Mun. Cts. R. A. D. A., Rule 16(a) (4).

 In his brief, Daniels raises the additional argument that the jury was negatively impacted by the “factual distortions and misrepresentations of law made by defense counsel” during opening and closing arguments and cross-examination. As this added ground was not brought to the attention of the court below, we decline to address it. Buttrick v. Intercity Alarms, LLC, 2009 Mass. App. Div. 97, 101.

 Section 8 of G.L.C. 89 provides, “Any operator intending to turn left, in an intersection, across the path or lane of vehicles approaching from the opposite direction shall, before turning, yield the right-of-way until such time as the left turn can be made with reasonable safety.”

 As further proof of negligence, Daniels highlights Ciccone’s testimony that she wears both corrective lenses and contact lenses, but that, at the time of the accident, she was wearing only contact lenses. It goes against common sense, however, to conclude that she would need to wear both at the same time.

 Daniels finally appears to argue that it is reasonable to suspect that differences in race and class between the litigants contributed to juror bias or prejudice such that the verdict was against the weight of the evidence. This is backwards. The burden on a new trial motion is to show that the verdict is so against the weight of the evidence as to suggest juror bias or prejudice, a burden we have held Daniels idled to meet.