The plaintiff, Jay Ellowitz, appeals from an amended judgment for summary process entered for the defendant, Anita Saini, after a bench trial. He challenges the judge's ruling on Saini's counterclaims, which alleged a breach of the implied warranty of habitability, statutory damages for defective heating, and a violation of G. L. c. 93A. Additionally, he appeals from the award of attorney's fees and costs. We affirm.
Background. We summarize the judge's findings of fact, supplemented by testimony presented at trial, which the judge implicitly found credible.[2] At the time of trial, Saini and her two young children lived in an apartment located at 7 Wood Street in Fitchburg. Ellowitz owned and managed the property. The one-year lease for the premises was signed on July 30, 2015. The rent was $ 850 per month. The property had significant defects, many of which existed at the inception of Saini's tenancy. Among other problems, there was a lack of heat, a sewage leak in the basement, unsafe and defective floors, a large quantity of trash around the building, defective handrails to the basement, lead paint,[3] mold,[4] water damage in the bathroom, scalding water temperatures, exposed wiring, a broken kitchen outlet, and a broken bedroom door. These conditions had a significant impact on Saini and her family, substantially limiting their use of the apartment. Saini complained of the issues, via text messages and telephone to Ellowitz, who failed to make the appropriate repairs.
As a result of the substandard and dangerous conditions described above, Saini began to withhold a portion of the rent and, in April, 2016, she called the board of health (board). The board conducted three inspections on April 13, April 29, and May 26, 2016, and found sanitary code violations on all three occasions. The board filed a civil enforcement case against Ellowitz on May 5, 2016, and a complaint for contempt based on Ellowitz's failure to make repairs in July of 2016. The city dismissed the enforcement action on August 12, 2016, based on Ellowitz's repair of the sewage leak in the basement. However, several significant defects remained uncorrected.
Meanwhile, Ellowitz served Saini with a notice to quit for nonpayment of rent. Then, on June 13, 2016, he filed a summary process complaint seeking possession of the premises and damages for unpaid rent. Saini filed an answer and various counterclaims. Saini alleged that Ellowitz had breached the implied warranty of habitability and the covenant of quiet enjoyment. Saini also claimed that Ellowitz had engaged in retaliatory actions, in violation of G. L. c. 186, § 18, and unfair and deceptive practices, in violation of G. L. c. 93A.
As previously noted, following a trial in the Housing Court, judgment entered in favor of Saini. On Saini's counterclaims for breach of the implied warranty of habitability, the judge awarded a fifty percent abatement in rent, $ 4,250, for the months of January, 2016, through October, 2016. The judge awarded an additional $ 5,100 for cross metering and defective heating as alleged in Saini's breach of the covenant of quiet enjoyment counterclaim. The judge also found that Ellowitz had engaged in retaliatory actions and awarded Saini $ 2,550 in damages. Lastly, the judge found Ellowitz's actions were wilful, wanton, and reckless, in violation of c. 93A, and awarded Saini another $ 4,250, which she tripled, for a total of $ 12,750. The judge also granted Saini's petition for attorney's fees and costs in the amount of $ 11,604.90. The judgment subsequently was amended to exclude damages for cross metering and reduce the award of attorney's fees and costs. The amended judgment awarded Saini $ 17,135 in damages and $ 9,000 in attorney's fees.
Discussion. Ellowitz raises a number of issues on appeal, none of which persuades us that the amended judgment should be disturbed. We address each issue in turn.
1. Breach of the implied warranty of habitability. Ellowitz argues that the judge failed to make specific findings concerning the conditions, the significance and effect on Saini of the conditions, or the duration of the conditions giving rise to the breach of the warranty of habitability. He does not dispute that the evidence supports an abatement of rent. Rather, he claims that the findings do not support the large abatement (fifty percent) granted by the judge. In addition, he argues the evidence was insufficient to establish the existence of the conditions for the duration that the judge awarded damages.
A judge has wide discretion in determining whether certain conditions amount to a material breach of the implied warranty of habitability. Jablonski v. Clemons, 60 Mass. App. Ct. 473, 475 (2004). Although the judge's findings are sparse, they are nevertheless sufficient to support her conclusion that the conditions in Saini's apartment constituted a material breach of the implied warranty of habitability, for which Saini was entitled to an abatement from January through October of 2016. Saini testified that many of the defects in the apartment were present from the beginning of her tenancy, and that several, such as the presence of lead paint and the peeling floors, caused her and her children to reduce their use of portions of the apartment. In addition, some of the defects, such as the exposed outlet in the kitchen and the broken stove, caused her to fear for her safety and the safety of her children. See Spaulding v. Young, 32 Mass. App. Ct. 624, 627 (1992) ("A condition that 'may endanger or materially impair the health or safety and well-being of an occupant,' 105 Code Mass. Regs. § 410.023 [1980], is sufficient to violate the warranty of habitability"). Moreover, the board found that certain conditions violated the sanitary code and at least some of those conditions, including the water damage in the bathroom, peeling paint on the floor, and broken handrails leading to the basement, among others, existed at the time of trial. We therefore conclude that the judge did not abuse her discretion.
2. Statutory damages under G. L. c. 186, § 14, for defective heating. Ellowitz challenges the judge's award of statutory damages in the amount of $ 2,550 for lack of heat on the ground that the judge failed to make the requisite finding of negligence. Ellowitz also argues these damages were duplicative and unreasonably punitive.
"The implied covenant of quiet enjoyment guarantees tenants the right to be free from 'serious' interferences with their tenancies." Jablonski, 60 Mass. App. Ct. at 476. To demonstrate a violation of the covenant, a tenant must show "at least negligent conduct by the landlord" and failure to take appropriate corrective measures. Al-Ziab v. Mourgis, 424 Mass. 847, 850-851 (1997).
Here, Saini testified that, in the winter of 2015 to 2016, the "heat was always problems, always turned off," and that, as a result, she and her children had to sleep in one bedroom with a space heater. Ellowitz had notice of the deficient heating because Saini communicated with him about this issue by calling him and sending him text messages in January and February. Because Saini demonstrated that Ellowitz had notice of the issue and failed to take adequate corrective measures, the judge was warranted in awarding damages.[5] See Al-Ziab, 424 Mass. at 850-851.
Ellowitz's argument that the award for defective heating was duplicative is equally unavailing because the judge's abatement award for the breach of implied warranty of habitability explicitly excluded the heating defect, which was separately addressed in the section of her rulings labelled "Quiet Enjoyment." In addition, in arriving at the c. 93A award, the judge trebled only the $ 4,250 awarded for the breach of the implied warranty of habitability and did not include the damages awarded for the breach of the covenant of quiet enjoyment.
3. General Laws c. 93A. Ellowitz argues that the evidence does not support the judge's determination that his conduct was wilful, wanton, and reckless and, therefore, he claims, damages under c. 93A should not have been awarded. We disagree.
As described above, from the beginning of Saini's tenancy, Ellowitz had notice of significant defects on the premises and also was informed of the dangers these conditions posed to Saini and her children. Nevertheless, the conditions continued for extended periods of time, and some existed for the entire duration of the tenancy. "While each violation may not in itself have been wilful, ... we think that where, as here, there were many continuing violations, some major and some minor, their cumulative effect on habitability can be considered" in determining whether the landlord's actions are wilful. Brown v. LeClair, 20 Mass. App. Ct. 976, 980 (1985). Given these circumstances, it was not error for the judge to find a knowing and wilful violation of G. L. c. 93A sufficient to treble Saini's damages. Compare Cruz Mgt. Co. v. Thomas, 417 Mass. 782, 790-791 (1994).[6]
4. Attorney's fees award. Ellowitz next argues that the judge's award of $ 9,000 in attorney's fees, even after reducing them from $ 11,604.90 in the amended judgment, was excessive and would have been more appropriately set at $ 5,000. We disagree.
"What constitutes a reasonable fee is a question that is committed to the sound discretion of the judge." Berman v. Linnane, 434 Mass. 301, 302-303 (2001). Several factors may be considered as part of this determination, including the "nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases." Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979).
Here, although the judge did not provide a detailed rationale in support of the award, "a factor-by-factor analysis ... is not required." Berman, 434 Mass. at 302-303. The judge considered affidavits from Saini's two trial attorneys, in which they detailed their experience. Each attorney also provided time records accounting for the time each spent, among other things, counseling Saini, speaking with witnesses, including two expert witnesses, preparing for trial, and litigating the case. In addition, counsel submitted an affidavit from the executive director of the Massachusetts Law Reform Institute (MLRI) attesting to the fee scale MLRI has adopted for attorneys based on experience level. The judge was in the best position to address the other factors, such as the nature of the case and issues presented, the time and labor required, and the amount of damages. See Fontaine v. Ebtec Corp., 415 Mass. 309, 324 (1993). Furthermore, as noted, upon Ellowitz's motion, the judge reduced the award to address any issue of double billing.
5. Saini's request for appellate attorney's fees. Saini is entitled to an award of her appellate attorney's fees and costs. See Yorke Mgt. v. Castro, 406 Mass. 17, 19 (1989) ; G. L. c. 93A. In accordance with the procedure described in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), Saini shall have fourteen days from the issuance of the rescript in this case to file an application with the appropriate support. Ellowitz may file an opposition within fourteen days of service of Saini's application.[7]
Amended judgment dated November 4, 2016, affirmed.

We also refer to the reports issued by the board of health and private inspection companies, which were introduced as exhibits at trial.

The presence of lead paint in four separate locations in the apartment, which exceeded the level considered dangerous by nine times, was confirmed by an independent inspection by a private consultant on August 17, 2016.

The presence of mold in the bathroom was confirmed by two independent consultants on April 27, 2016, and May 12, 2016.

Contrary to Ellowitz's assertion, it matters not that the board did not include the lack of heat among the defective conditions which needed to be remedied. It suffices that the evidence presented to the judge established a violation of the statute.

Because we find no error in the judge's award for breach of the implied warranty of habitability, we do not address Ellowitz's argument that the G. L. c. 93A damages should be reduced to reflect a reduction in the abatement award.

Ellowitz requests that we award him credits and offsets against the judgment for conduct that arose after the entry of judgment. This matter is not properly before us and, accordingly, this request is denied. Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006). To the extent we have not addressed any other issues raised, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).